## JOHN H. WOODMAN *vs.* EDWARD P. POWERS.
## ELIZABETH C. WOODMAN *vs.* SAME.

Middlesex.   May 17, 1922. — June 29, 1922.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Motor vehicle, Contributory, In use of highway, Violation of statute.
   *Evidence,* Presumptions and burden of proof, Interrogatories.  *Practice, Civil,*
   Ordering verdict, Interrogatories.  *Interrogatories.*

A judge of the Superior Court in his discretion may refuse to entertain a motion
   by the defendant that a verdict be ordered in his favor, if the motion is made
   at the close of the plaintiff's evidence and the defendant refuses to rest his case.

At the trial of an action for personal injuries alleged to have been caused in 1916
   when the plaintiff was run into by an automobile alleged to have been operated
   negligently by the defendant, there was evidence tending to show that the de-
   fendant was operating the automobile on a public highway in Brookline fifty
   feet wide with a reservation in the middle for street cars; that, when struck, the
   plaintiff was crossing the highway at an intersection with another street, and
   that the accident occurred shortly after nine o'clock on a foggy evening in Octo-
   ber.  The plaintiff had no memory of the accident.  A witness for the plaintiff,
   who was operating an automobile going in the opposite direction from that in
   which the defendant was going, testified that, when about fifty or sixty feet
   away, he saw the plaintiff "standing on the corner," that she started to cross
   the street toward a stopping place for street cars; that he slowed his car and
   she passed in front of it at a "medium walk" about twenty feet from him; that
   just as she passed he noticed the headlights of an automobile approaching at
   a speed of twenty to twenty-five miles an hour; that he did not hear any horn
   or other signal from the approaching automobile, and that it struck the plaintiff
   when she was eight or nine feet from the reservation set apart for street cars;
   that he did not notice that the speed or direction of the machine changed before
   striking her; that she was dragged along and that the car went twenty feet farther
   before it was stopped.  In his testimony the defendant stated that he could see
   ahead of him about twenty-five feet with the aid of his headlights, that
   there was a heavy fog, and that at the place of the accident he was travelling at
   a speed of ten or twelve miles an hour.  *Held,* that

   (1) The plaintiff was rightfully crossing the street and could rely to some
   extent upon the belief that persons travelling in automobiles would not, without
   warning, run over her;

   (2) The question, whether the plaintiff was in the exercise of due care, was
   for the jury, even apart from St. 1914, c. 553;

   (3) There was evidence warranting findings that the defendant was negligent
   in violating St. 1909, c. 534, § 16, as amended by St. 1910, c. 605, § 6 (see
   now G. L. c. 90, § 17), as well as in other particulars.

If, when the view of an operator of a motor vehicle is obstructed by a fog, he
   operates it at a rate of speed exceeding eight miles an hour upon approaching

an intersecting way or traversing or crossing the intersection of ways, G. L. c. 90, § 17, applies and such operation is *prima facie* evidence of negligence.

A plaintiff who introduces in evidence at a trial answers of the defendant to interrogatories propounded to him under G. L. c. 231, §§ 61–67, 89, is not bound by the answers so far as the truth of the facts therein stated is contradicted by other evidence.

Two actions of tort, the second action being for personal injuries alleged to have been caused by negligence of the defendant in driving an automobile against the plaintiff on October 31, 1916, and the first action being by the husband of the plaintiff in the second action for consequential damages. Writs dated January 18, 1919.

In the Superior Court, the actions were tried together before *Hammond,* J. Material evidence is described in the opinion. At the close of the evidence for the plaintiff, the defendant, refusing to rest his case, moved that verdicts be ordered in his favor. The same motion was made at the close of all the evidence. The motions were denied. Material portions of the charge to the jury are described in the opinion. The jury found for the plaintiff in the first action in the sum of $1,250, and for the plaintiff in the second action in the sum of $10,250; and the defendant alleged exceptions.

*B. J. Killion, C. Toye & F. S. Di Mento,* for the defendant, submitted a brief.

No counsel appeared for the plaintiffs.

CROSBY, J. These are two actions of tort; in the first the plaintiff seeks to recover consequential damages arising from personal injuries received by his wife, who is the plaintiff in the second action. She was struck by an automobile operated by the defendant on Beacon Street in Brookline near Fairbanks Street, an intersecting way. The accident occurred shortly after nine o'clock in the evening of October 31, 1916. The plaintiff in the second action will hereafter be referred to as the plaintiff.

She testified that on the evening she was injured she visited a friend who lived on the easterly side of Fairbanks Street; that she remembered taking a car at Medford, where she lived, to go to Brookline; "that there is a white post at a point on Beacon Street opposite the easterly side of Fairbanks Street and that the houses are less than two hundred feet apart, for a distance of one quarter of a mile, but she had no memory of the accident . . . other than

those herein referred to." The foregoing is the substance of her testimony.

Philip Quinn testified that on the night in question he was operating an automobile on Beacon Street in the direction of Coolidge Corner, and that when about fifty or sixty feet from the east sidewalk of Fairbanks Street he saw the plaintiff standing on the corner; that she started to cross Beacon Street toward a stopping place for street cars; that he slowed his car and she passed in front of it at a "medium walk" about twenty feet from him; that just as she passed he noticed the headlights of an automobile approaching at a speed of twenty to twenty-five miles an hour; that he did not hear any horn or other signal from the approaching automobile, and that it struck the plaintiff when she was eight or nine feet from the reservation set apart for street cars; that he did not notice that the speed or direction of the machine changed before striking her; she was dragged along and the car went twenty feet before it was stopped; and that the night was "quite foggy."

The defendant testified that he was operating his car on Beacon Street on the night in question; that he was going toward Fairbanks Street at a speed of ten or twelve miles an hour and sounded his horn as he approached that street; that his automobile struck the plaintiff; that "about fifteen feet from the place where the plaintiff was struck a large auto passed him and he saw a shadow come from behind this large auto and he felt an impact and stopped his car immediately and found the plaintiff lying in front of his left front wheel . . . that he could see ahead of him about twenty-five feet with the aid of his headlights, and that there was a heavy fog."

At the close of the evidence for the plaintiff, the defendant moved that a verdict be directed in his favor; he declined to rest his case, and the judge refused to entertain the motion until all the evidence was submitted; to this ruling the defendant excepted. It is plain that the court in its discretion could at this stage of the case decline to entertain the motion. At the close of the evidence the motion was renewed and was denied subject to the defendant's exception.

There was evidence that Beacon Street at the place of the accident was sixty feet wide; that before the plaintiff started to

cross the street she stood on the corner and then passed in front of Quinn's automobile at a "medium walk." It may fairly be inferred that she waited on the corner so that she might cross when a favorable opportunity presented itself. It does not appear that there were any automobiles in the street at that place except that of Quinn and the defendant's. It could have been found that the plaintiff was only eight or nine feet from the reservation when she was struck; that the defendant was running his car from twenty to twenty-five miles an hour and passed the intersection of the streets without giving any warning signal. The plaintiff was rightfully crossing the street and could rely to some extent upon the belief that persons travelling in automobiles would not, without warning, run over her. St. 1914, c. 553, provides that a plaintiff in a case of this kind shall be presumed to have been in the exercise of due care. Besides we are of opinion that apart from the statute that question was for the jury to determine. *Booth* v. *Meagher*, 224 Mass. 472. *Creedon* v. *Galvin*, 226 Mass. 140. *Chaplin* v. *Brookline Taxi Co.* 230 Mass. 155. *Buoniconti* v. *Lee*, 234 Mass. 73.

There was ample evidence to warrant a finding that the defendant was negligent. St. 1909, c. 534, § 16 (amended by St. 1910, c. 605, § 6) provides in part as follows: "It shall be *prima facie* evidence of a rate of speed greater than is reasonable and proper as aforesaid if a motor vehicle is operated on any way inside the thickly settled or business part of a city or town at a rate of speed exceeding fifteen miles per hour for the distance of one eighth of a mile, or if a motor vehicle is operated on any way upon approaching an intersecting way, or in traversing a crossing or intersection of ways, or in going around a corner or a curve in a street or way where the operator's or chauffeur's view of the road traffic is obstructed, at a rate of speed exceeding eight miles per hour."

The judge, in construing this statute, instructed the jury that if the defendant's view of the road traffic was obstructed by a fog upon approaching an intersecting way or traversing or crossing the intersection of ways that the statute was applicable. The defendant excepted to this instruction. Manifestly the statute was designed to protect the public from injury from motor vehicles. The evident intention of the Legislature was to require such vehicles to proceed slowly where the view of the operator is ob-

structed.   The obstruction to view ordinarily would be the same whether it is caused by trees, buildings, bill boards or other permanent objects, or is due to darkness, a blinding snow storm or thick fog.   It would be too narrow a construction of the statute to hold that it applies to obstructions of a permanent character only.

The defendant's testimony that he could see ahead of him about twenty-five feet with the aid of his headlights, that there was a heavy fog, and that at the place of the accident he was travelling at a speed of ten or twelve miles an hour, if believed, showed that he was running his car in violation of the statute; this was evidence of negligence; and there was other evidence that he was negligent.

The plaintiff offered in evidence interrogatories propounded to the defendant and his answers thereto, which answers, if believed, would have shown that she was not entitled to recover.   The defendant contends that she is bound by the answers within the rule as stated in *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367; while she would have been bound by the answers as to the truth of the facts therein stated, if uncontradicted, the testimony of the witness Quinn was to the contrary.   Accordingly it was for the jury to determine the facts upon the conflicting testimony.

*Exceptions overruled.*