JOHN J. O'HARE, executor, *vs.* RALPH W. GLOAG.
SAME *vs.* JACKSON MOTOR CAR COMPANY.

Suffolk.    November 16, 1922. — January 9, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Due care, Motor vehicle, In use of way. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Ordering verdict.

At the trial of an action by the executor of the will of a woman to recover damages for her conscious suffering and death, alleged to have been caused by a collision with a motor vehicle operated by the defendant, there was evidence that on a clear dry morning in June, 1912, when no other vehicles were observed passing up and down a city street, the plaintiff's testatrix when crossing the street on foot in front of a covered wagon and about eighteen feet from the curbstone was struck by a motor vehicle, which, when first observed by a witness, was about forty-six feet away from the testatrix and "going fast" and which gave no warning of its approach. *Held,* that

(1) The burden of proving that the testatrix was in the exercise of due care was upon the plaintiff;

(2) There being no evidence to sustain the burden of proving due care, a verdict properly was ordered for the defendant.

The power at common law of a judge of the Superior Court to order a verdict was not taken away by Rule 45 of that court which provides that the question whether a verdict should be ordered by the court must be raised by a motion and not by request for instructions to the jury.

Two ACTIONS OF TORT by the executor of the will of Mary Dignan in each of which the plaintiff sought to recover damages for her conscious suffering and death caused by a collision with a motor vehicle while she was- crossing Massachusetts Avenue near Columbus Avenue in Boston.   Writs dated respectively March 21, 1913, and February 27, 1914.

In the Superior Court, the actions were tried together before *Stevens*, J.   The material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant in each action; and the plaintiff alleged exceptions, which, after the resignation of *Stevens*, J., were allowed by *Sisk*, J.

*J. J. O'Hare*, (*C. Toye* with him,) for the plaintiff.

*R. W. Gloag, pro se.*

*H. V. Cunningham*, for the Jackson Motor Car Company.

CARROLL, J.   These actions of tort are brought by the executor of the will of Mary Dignan, to recover damages for her conscious suffering and death caused by injuries received on June 4, 1912. As she was crossing Massachusetts Avenue, Boston, on the south-westerly side, near the corner of Columbus Avenue, she came into collision with an automobile owned and operated by the defendant Gloag.   One Tenney, who had been a salesman for the defendant Jackson Motor Car Company, was seated by the side of Gloag.   Mrs. Dignan was crossing in front of a covered wagon.   One witness saw her when she was on the highway at a point "about two thirds of the way between the curbstone and the outer rail of the track," the distance from the curbstone to the nearest rail of the street railway track being twenty-eight feet.   This witness testified that he saw the automobile strike the woman; that "the radiator hit her, the middle of the machine, . . . it must have gone three or more feet and then it slid her along approximately three feet further."   He also testified that the accident occurred in the morning, that it "was a dry day; that at the time of the accident he did not notice any other vehicles passing up and down Massachusetts Avenue." Mrs. Edwards, a witness for the plaintiff, testified that she saw the automobile before it struck the deceased; that it was then about forty-six feet away from Mrs. Dignan and "was going fast" (no estimate was given of the rate of speed in miles); that she did not see Mrs. Dignan until she was about "half way" "be-

tween the curb and the trolley rail," and that the automobile which struck her gave no warning of its approach. There was no further evidence on the question of the due care of the deceased.

In our opinion there was no evidence that Mrs. Dignan was in the exercise of due care. The accident occurred in June, 1912, before the enactment of the due care statute (St. 1914, c. 553), which applies only to actions accruing after its passage. The burden was upon the plaintiff to show that his testatrix was in the exercise of proper care. There was no evidence to sustain this burden. It does not appear that she took any precautions for her own safety, and there is nothing to show that she looked to see if an automobile was approaching, nor that if she saw it she made any attempt to avoid it. The accident happened on a clear day, when the street was not crowded. All that is shown is that she attempted to cross Massachusetts Avenue in front of a covered wagon, and was struck by the automobile. She could easily have known that the automobile was approaching. It was plainly within her sight, and there was nothing to obstruct her view or distract her attention. There was no evidence showing that she stopped or hurried or did anything to avoid the accident. There were no circumstances shown from which her due care could be inferred, and the direction of the verdict for the defendant was right. *Holian* v. *Boston Elevated Railway*, 194 Mass. 74. *O'Brien* v. *Boston Elevated Railway*, 217 Mass. 130. *Plympton* v. *Boston Elevated Railway*, 217 Mass. 137.

The plaintiff relies on *Woodman* v. *Powers*, 242 Mass. 219. In that case Mrs. Woodman, as she was crossing a public highway to a stopping place for street cars, about nine o'clock on a foggy night, was struck by an automobile travelling at the rate of twenty to twenty-five miles an hour. She started to cross the street at a "medium walk" and passed in front of a moving automobile. When about nine feet from the reservation, she was hit by the defendant's automobile. The case is not applicable to the case at bar. In *Woodman* v. *Powers*, the plaintiff's view was obstructed. She safely passed in front of one automobile when she was struck by the defendant's; and she was injured after the passage of St. 1914, c. 553. By the provisions of that statute she was presumed to be in the exercise of due care.

Rule 45 of the Superior Court (1915) providing that the question whether a verdict should be ordered by the court must be raised by a motion and not by requests for instructions to the jury, did not prevent the judge from ordering a verdict for the defendants. The court had the power at common law and it was not taken away by this rule. *Graves* v. *Apt,* 233 Mass. 587.

As the plaintiff cannot recover because of the want of due care of his testatrix, we do not deem it necessary to pass upon the question of the defendant's negligence. In each case the exceptions are overruled.

*So ordered.*