THE BALTIMORE. AND OHIO RAILROAD COMPANY
*vs.* THE STATE, use of CONRAD FRYER.

*Railroad Company—Negligence—Ordinary and reasonable care.*

In an action under the statute, by a father to recover damages from a railroad company, for the death of his child, aged about five years, caused by its negligence, the plaintiff is entitled to recover if it appear that the death resulted from the want of ordinary care and caution on the part of the defendant, and that the child used such care as might reasonably be expected under the circumstances from one of her age and intelligence, and that the parent or person to whose care she was entrusted at the time, did not by his negligence directly contribute to produce the result complained of.

The terms ordinary and reasonable care are relative and dependent, and whether such care has been used can only be determined by considering the age and capacity of the person injured.

In actions under the statute, or in other cases where parties sue for personal injuries suffered by others than themselves, no recovery can be had if the party entitled to the action be guilty of negligence or the want of care, whereby the injury occurred.

APPEAL from the Superior Court of Baltimore City.

This was an action under the statute, brought by the equitable plaintiff, to recover damages from the defendant for causing the death of his daughter—a child aged about five years. The evidence showed that the child was run over on Pratt street, by a horse car, belonging to the defendant, and killed. The child at the time of the accident was accompanied by her grandfather, under whose care her father had placed her a few minutes before the occurrence.

The plaintiff presented the following prayer:

If the jury shall find from the evidence, that the death of the child resulted from the want of ordinary care and caution on the part of a driver in the employment of the defendant, the plaintiff is entitled to recover; provided the jury find that the accident causing her death could not have been avoided

by the exercise of such care and caution by the child as ought, under all the circumstances, to have been reasonably expected from one of her age and intelligence, or by the exercise of ordinary care and caution on the part of the father of the child or of the person accompanying the child at the time of the accident.

This prayer the Court (DOBBIN, J.,) granted, and the defendant excepted.

The defendant then prayed the Court to instruct the jury as follows:

1st. If the jury shall believe from the evidence, that the defendant, in the management of the car causing the accident, used such diligence and care as prudent and discreet persons would use and exercise on a like occasion, having due regard to the safety of property and persons with such a car and team as was passing through Pratt street at the time of the accident, then the plaintiff is not entitled to recover. And even if the jury shall find a want of such diligence, the plaintiff is not entitled to recover, if the jury shall find that the person killed brought her death upon herself. And that the jury are to regard the act of the party killed as the act of an adult, and without reference to any supposed incompetency on her part by reason of infancy.

2d. If the jury shall believe from the evidence, that at the time of the accident complained of, the child who was killed was standing on the track in Pratt street, and did not, on the approach of the cars, get out of the track, and that in consequence of her failing to do so, she met with her death, then her failure to get out of the track was such an act of negligence on her part as will prevent a recovery by the equitable plaintiff in this action, even though the jury shall believe that there was a want of due diligence on the part of the defendant or its agents in the management of the car in question.

3d. That should the jury find for the plaintiff in this cause, the damages are to be such only as shall afford to the equitable plaintiff pecuniary compensatory damages, and the plain-

Baltimore and Ohio Railroad Company *vs.* State, use of Fryer.

tiff is not entitled to recover punitive or exemplary damages, or damages on account of mental suffering or lacerated feelings; and that upon the evidence offered in this case, the plaintiff is only entitled to nominal damages.

These prayers the Court refused to grant and the defendant excepted. A fourth prayer was offered by the defendant, identical with the third, except that it did not assert that "the plaintiff was only entitled to nominal damages," this prayer was conceded by the plaintiff and granted by the Court. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., NELSON, MILLER, ALVEY and ROBINSON, J.

*Ferdinand C. Latrobe,* for the appellant:

The prayer of the plaintiff which was granted by the Court, was erroneous, in that it required of the child who was killed, the exercise only of such care and caution as might be reasonably expected from one of its age and intelligence. *Bannon vs. Balt. & Ohio R. R. Co.,* 24 *Md.,* 125; *Hartfield vs. Roper,* 21 *Wend.,* 615; *Wiletts vs. Buffalo and Rochester R. R.,* 14 *Barbour,* 585.

There was error also in refusing the first prayer of the defendant. A railroad company is held, so far as third persons are concerned, to the exercise of ordinary care and diligence, without reference to the age or sex of such third persons. *Lygo vs. Newbold,* 9 *Exchequer,* 302; *Wright vs. Malden and Melrose R. R. Co.,* 4 *Allen,* 283; *Holly vs. Boston Gas Light Co.,* 8 *Gray,* 123.

The defendant's second prayer should have been granted, because the evidence of contributing negligence on the part of the child, in failing to get out of the track on the approach of the car, was so clear that the Court should have determined it as a question of law. *Telfair vs. Railroad Co.,* 3 *Am. Law Reg.,* 665; *Singleton vs. The Eastern Counties Railway Co.,*

4                    v. 30

97 *Eng. Com. Law Rep.*, 287; *Dascomb vs. Buffalo and State Line Railroad Co.*, 27 *Barbour*, 221; *Suydam vs. The Grand Street and Newton Railroad Co.*, 41 *Barbour*, 375; *Cotton vs. Wood*, 98 *Eng. Com. Law Rep.*, 568; *Wilds vs. The Hudson River Railroad Co.*, 24 *N. Y. Rep.*, 430.

The third prayer of the defendant should likewise have been granted, for however priceless the value of the child's life may have been to her parents, in other aspects it had no pecuniary value. *Lehman vs. City of Brooklyn*, 29 *Barbour*, 234.

*H. L. Emmons, Jr.*, and *William Shepard Bryan*, for the appellee:

In maintaining the objectionableness of the first prayer of the defendant, the following authorities were referred to. *Beers vs. Housatonic R. R. Co.*, 19 *Conn.*, 576; *Wilson vs. Cunningham*, 3 *Cal.*, 243; *Revised Ordinances*, 1858, *p.* 246, *secs. 8 and 9*; *Revised Ordinances*, 1858, *No.* 34, *sec.* 7, *p.* 167; *Redfield on Railways*, 393.

The second prayer of the defendant was erroneous in asserting that the failure of the child to get out of the track of the railroad company, was such negligence on her part as to prevent the recovery of the equitable plaintiff. It should have been left to the jury to find whether by the exercise of ordinary diligence, the child could have gotten out of the way of the car, whether in fact it was possible for her to have done so. It was the duty of the jury to consider all the circumstances surrounding the casualty. *Baltimore and Ohio R. R. Co. vs. The State, use of Miller*, 29 *Md.*, 252.

The defendant's third prayer improperly restricted the plaintiff to nominal damages as a matter of law. The question was exclusively for the jury. *Railroad Co. vs. Barron*, 5 *Wallace*, 105; *Robinson vs. Cone*, 22 *Verm.*, 225; *The City of Chicago vs. Major*, 18 *Illinois*, 360; *Baltimore and Ohio R. R. Co. vs. State, use of Kelly, et al.*, 24 *Md.*, 271; *Northern Central Railway Co. vs. The State, use of Price, et al.*, 29 *Md.*, 420.

ALVEY, J., delivered the opinion of the Court.

The objection taken to the plaintiff's prayer, which was granted, is not in our opinion, well founded. If, by the exercise of such care and caution as ought, under all the circumstances, to have been reasonably expected from one of the age and intelligence of the deceased, in connection with ordinary care and caution on the part of the father, and the person accompanying the child at the time the accident occurred, the consequences of the defendant's negligence and want of care could not have been avoided, then clearly there is no ground of excuse. The prayer required the jury to find, that the death resulted from the want of ordinary care and caution on the part of the defendant; and, as the jury have found that the defendant was guilty of the want of such ordinary care and caution in the use of its car, whereby the injury occurred, the most that could be claimed in exoneration from liability was, that the child should have used such care as might reasonably have been expected of her, under the circumstances, and that the parent or person entrusted with the care of the child at the time, should not, by their negligence, have directly contributed to produce the result complained of. To make the right of recovery depend upon any greater amount or degree of diligence, would, in cases like the present, be virtually a denial of the right altogether. We think, therefore, the plaintiff's prayer, granted as an instruction, was unexceptionable, and that the law was thereby as favorably expounded to the jury as could rightfully be insisted upon by the defendant.

The defendant offered three prayers, all of which were refused by the Court below.

By the first of these prayers the rule of diligence and care required of the defendant, in order to exonerate it from responsibility, is very correctly stated; but the prayer is objectionable in that part of it, whereby the Court was asked to instruct the jury that the plaintiff could not recover, if they should find that the party killed brought her death upon

herself; and that the act of the child should be regarded as the act of an adult, and without any reference whatever to her infancy.   In other words, the degree of diligence required of the child of five years of age, was sought to be made the same as that required of an adult of mature judgment and discretion.   This, as a principle of justice, we cannot approve.

The defendant in not exercising the degree of care that was reasonable and proper, under the circumstances, rendered itself liable for the consequences of its unjustifiable conduct; and it is no hardship that the victim of its negligence should not, contrary to nature, be held to the exercise of a degree of judgment and discretion, in avoiding the accident, that is possessed alone by adults.   The defendant is not sought to be held to a greater degree of caution and diligence than in the case of an adult suffering injury; but the force and effect of the defensive circumstances connected with and growing out of the conduct of the party injured, must, in the nature of things, depend much upon the age and condition of such party.   The deceased, it is true, was bound to use ordinary and reasonable care to avoid the consequences of the defendant's negligence, as a condition upon which this action could be maintained; but these terms are relative and dependent, and whether such reasonable and proper care was used on the part of the deceased, can only be determined by considering her age and capacity.   Ordinary and reasonable care, under the circumstances, is that degree of care alone that we might reasonably expect from one in the situation and condition of the deceased; and as she was a child of but five years of age, the degree of intelligence which she was capable of exerting for her rescue from danger, we may suppose to be very small. This, however, should not relieve the defendant of its liability for the consequences of its wrongful act.

It is certainly true, that in actions under the statute, like the present, or in other cases where parties sue for personal injuries suffered by others than themselves, no recovery can be had, if the party entitled to the action be guilty of negli-

gence or the want of care, whereby the injury occurred. To allow recovery in such cases would be to allow parties to take advantage of their own wrongful or negligent conduct. And in the case of an action, like this, brought for the injury occasioned by the death of a child, the negligence of the parent, or other person having the legal control of the child at the time, would be so far imputed to the latter, as to form a defence to the action. This should obviously be so, both upon principle and the policy of the law; for otherwise parties might be allowed to take advantage of their own neglect, or that of others, under circumstances where negligence and want of care would be most culpable. Such, however, is not the proposition made by the defendant's first prayer. But, by the plaintiff's prayer, which was granted, the question of the negligence of both the father and the grand-father, who at the time, had the care of the child, was submitted to the jury, and the absence of such negligence on their part made the condition upon which the verdict could be found for the plaintiff. This was all that could be required by the defendant, and as much as any well decided case has ever exacted of a plaintiff to entitle him to recover. Therefore, the refusal of the Court below to grant the first prayer of the defendant, was, in our opinion, clearly right; and we fail to discover any such inconsistency of such ruling with the cases of *The State, use of Coughlan vs. Baltimore and Ohio R. R. Co.*, 24 *Md.*, 84, and *Bannon vs. Baltimore and Ohio R. R. Co.*, 24 *Md.*, 108, as is supposed to exist. On the contrary, we think there is entire consistency.

As to the second prayer of the defendant, this Court has so frequently, and so recently, had occasion to consider the question presented by it, that we do not deem it proper or necessary to do more than to say, that the question was one for the jury, to be passed upon as matter of fact, upon view of all the circumstances of the case. It would not have been consistent with the rulings of this Court, if the Court below had assumed, under the circumstances of the case, the decision of

the question of negligence on the part of the deceased, as a question of law. See case of *Northern Central R. R. Co. vs. The State, use of Price, et al.,* 29 *Md.,* 420. The second prayer of the defendant was therefore properly rejected.

And as to the third prayer of the defendant, we think the Court below was right in rejecting that also. The law, in reference to the measure of damages, was correctly stated, as applicable to this case, in the fourth prayer of the defendant, and which, being conceded by the plaintiff, was granted by the Court. That the Court should have instructed the jury, that, if they found for the plaintiff, it should only be nominal damages, is a proposition to which we cannot yield assent, in a case like this. And the case of *Lehman vs. The City of Brooklyn,* 29 *Barb.,* 234, relied on by the defendant in support of the proposition made by the prayer, would seem to be neither consistent with reason, nor with other decided cases, entitled to greater consideration.

There was a question suggested, as to whether the prayers of the defendant are properly examinable by this Court, inasmuch as the bill of exception, bringing them before us, does not contain the evidence upon which they were based, and does not, by express terms, make sufficient reference to the preceding bill of exception, to justify this Court in referring to the evidence to see whether the prayers are not mere abstractions.

This objection, we think, rather more technical than substantial. We cannot fail to perceive that the bill of exception, to the refusal to grant the defendant's prayers was second in the course of the trial, and that it was taken after all the evidence had closed; and the terms, with which this second exception commences, "whereupon," &c., sufficiently refer to what had preceded it, to authorize resort to the first bill of exception to ascertain from the evidence whether the prayers refused were or not abstractions.

Being of opinion that the Court below committed no error in its rulings, we must affirm its judgment.

*Judgment affirmed.*

(Decided 13th January, 1869.)