JOHN E. DEFORD vs. MARGUERITE LOHMEYER.

*Injury by Automobile—Pedestrian at Street Crossing—Excessive Speed—Contributory Negligence.*

Testimony that defendant's automobile, without any warning signal, passed the southeast corner of a street intersection at approximately twenty miles an hour, when plaintiff had become visible to a person on that corner in consequence of the southward progress of the street car from which plaintiff had alighted, and that she was injured by the automobile while crossing from the northwest to the northeast corner, constituted sufficient evidence of defendant's negligence to be sub-

mitted to the jury, in view of Code, art. 56, secs. 149, 163, limiting motor vehicles to fifteen miles an hour in thickly settled parts of cities, and giving pedestrians the right of way at street crossings.                                    pp. 475, 476

It is the duty of the driver of a motor vehicle, in approaching a street crossing, to have the speed of the car so reduced, and to keep it under such control, as to obviate, so far as reasonably possible, the danger of collision with persons crossing the street on foot.                    .               p. 476

Evidence that plaintiff, nine years of age, having alighted from a street car at the northwest corner of a street intersection, stepped to the sidewalk and, after the street car had passed southwardly, and she had looked in that direction without seeing any approaching vehicle, and hearing no signal, she started to cross the street at the proper place, and was struck by defendant's automobile coming from the south, did not show contributory negligence on her part as matter of law.        p. 477

Considerations which are sufficient to protect a person of mature age from a conclusive imputation of negligence apply with greater force to the action of a nine year old girl, as regards the question of contributory negligence in crossing a street.                                          p. 478

*Decided March 20th, 1925.*

Appeal from the Baltimore City Court (DUKE BOND, J.).

Action by Margaret Lohmeyer, by Mae Lohmeyer, her mother and next friend, against John E. Deford. From a judgment for plaintiff in the sum of $5,000, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*William D. Macmillan,* with whom were *Semmes, Bowen & Semmes* on the brief, for the appellant.

*L. Wethered Barroll,* with whom was *William L. Marbury* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

As the appellee, a girl about nine years of age, was cross-ing St. Paul Street, in Baltimore, at its intersection with Twenty-ninth Street, she was struck and injured by the appellant's automobile. The questions to be decided, on this appeal from a judgment obtained by the appellee in her suit against the appellant for damages on account of the accident, are whether there was legally sufficient evidence of negli-gence in the operation of the appellant's car, and whether the appellee was conclusively proved to have been guilty of contributory negligence.

The accident happened about two o'clock in the afternoon, as the appellee was on her way home from school. After alighting from a southbound street car, at the northwest corner of the streets we have mentioned, she stepped to the western sidewalk and remained standing there until the car proceeded southwardly, and she then started across the street, towards the northeast corner, along the course customarily used by pedestrians. Before leaving the sidewalk she looked "up and down" the street, as she testified, but "did not see anything," and while on her way across the street she did not, until the moment of the accident, see the automobile by which she was injured, and did not hear any signal of its approach.

One of the appellee's witnesses testified that at the time of the accident he was at the southeast corner of St. Paul and Twenty-ninth Streets, and noticed the appellee standing on the northwest corner, after the southbound street car had moved sufficiently to reveal her position, that he saw her "look around" and start across the street at "a right good gait—not a running gait," and that as she reached the north-bound track she was struck by the appellant's automobile, which was moving "pretty fast" and from which he heard no signal of its approach to the crossing. A witness who was in a motor truck standing on the opposite side of Twenty-ninth Street stated that he saw the appellee on the curb waiting for the street car to pass on, and when the rear

end of the car was about twenty feet beyond the pedestrian crossing she started across the street, and as he noticed the northbound automobile and realized that the little girl was in danger, he jumped from the truck and ran towards her but did not reach her in time to prevent the accident; that the speed of the automobile was about twenty miles an hour; and that it stopped twenty or twenty-five feet beyond the point where the child was struck. The automobile, he said, "skidded that far" on the wet surface of the street.

On behalf of the defense a witness testified that he was riding a bicycle on his way to deliver a package at a house on St. Paul Street south of Twenty-ninth Street, and that, on reaching the intersection of those streets, the appellant's automobile "slowed up" to let him pass. This occurred, he said, just before the accident, but he did not see it happen, as he was going in the opposite direction. The driver of the appellant's car was his only other witness. According to his testimony, he approached the crossing at a speed of not more than eighteen miles an hour, and slowed down to eight or ten miles an hour, and let the bicycle rider pass, and then accelerated the speed and was proceeding over the crossing and by the southbound street car, when the appellee ran from behind the car, and he had no time to blow his horn or do anything but apply the brakes, which stopped the automobile three or four feet beyond the place where he found the child lying after the collision.

For the purposes of our inquiry as to whether the case should have ben withdrawn from the jury, we must disregard the conflict in the evidence and consider only the proof which is most favorable to the asserted right of recovery. There was testimony to the effect that the appellant's car, without any warning signal, passed the southeast corner of the street intersection at a speed of approximately twenty miles an hour, when the appellee had become visible to a person on that corner in consequence of the southward progress of the street car from which she had alighted, and that she was injured while walking across the street at the proper place for pedestrian travel and after looking to her right and

left along the street for approaching traffic. In view of the presence of such evidence in the record, we could not correctly hold that there was no legally sufficient evidence of negligence in the operation of the automobile, or that contributory negligence on the part of the appellee conclusively appeared from the proof.

The statute law of Maryland relating to motor vehicles contains the following provisions: "No motor vehicle shall be operated upon any public highway of this State at a rate of speed greater than fifteen miles an hour in the thickly settled or business parts of cities, towns or villages" (Code, art. 56, sec. 149), and, "All pedestrians shall have the right of way at street crossings in the towns and cities of this State except where traffic is controlled at such crossings by traffic officers." (*Ibid.,* section 163.)

The right of way to which the appellee was entitled under the law was not duly respected if the appellant's car was being driven so rapidly towards the pedestrian crossing place that it could not be stopped in time to avoid injuring the appellee while she was using the street in the manner and under the conditions described by the testimony upon which she relies. It is the duty of the driver of a motor vehicle, in approaching a street crossing, to have the speed of the car so reduced, and to keep it under such control, as to obviate, so far as reasonably possible, the danger of collision with persons crossing the street on foot. This duty cannot be held to have been performed when a motor car is driven over a street crossing in excess of the lawful speed limit, and without any signals of its approach being given, and injures a person whose presence on the crossing could have been noticed by the driver in time for him to have prevented the accident if the car had been under proper control. There is a conflict in the evidence as to the speed of the car and as to the extent of the driver's opportunity to see the appellee before the collision, but those were issues for the jury to decide, and there was testimony legally sufficient to support their conclusion that the appellant's car, on the occasion of the accident, was not being driven with due care. *Brown v.*

*Patterson,* 141 Md. 303; *Waltring v. James,* 136 Md. 406; *Hempel v. Hall,* 136 Md. 174; *Winner v. Linton,* 120 Md. 276; *Geiselman v. Schmidt,* 106 Md. 580.

The question of contributory negligence is controlled by our recent decision in the case of *Merrifield v. Hoffberger Company,* 147 Md. 134. In that case a motor truck, passing a street car, ran against a man who was walking across the street, at the place regularly used by pedestrians, and who had looked for approaching traffic without seeing any except the street car, which evidently concealed the truck from his view. If he had continued looking in that direction, the truck would have become visible to him when it was about seventy-five feet from the point of contact. The assumption by the pedestrian, under the circumstances, that his right of way would be respected by the drivers of motor vehicles passing over the street crossing, was not considered to be so obviously negligent as to prevent his recovery. In the opinion delivered for the Court by Judge Digges it was said: "The driver of the truck had an unobstructed view of the plaintiff for a sufficient distance, if he was exercising the care which the law under such circumstances requires, as would have enabled him to avoid the contact by giving to the plaintiff the right of way which the statute requires. The plaintiff had the right to assume that the driver of the truck would obey the law, and that, if the speed and direction at which he and the automobile were moving, if continued by both, would bring them in contact, the driver of the automobile would so slacken the speed of his truck, or divert its course, as to avoid the collision, because this he was bound to do."

According to the testimony of a witness in this case the appellee could be seen at the northwest corner of the street by one looking from the southeast corner, when the appellant's car passed that point, the street car from which she had alighted having proceeded sufficiently far to render her visible from the position indicated. If she was seen at that time by the witness, it is inferable that she could also have

been then observed by the driver of the automobile, who would thus have had the period of his passage from the south to the north line of the street intersection during which he might discover the appellee's attempt to cross the street along the pedestrian way towards which the automobile was proceeding. Upon this theory as to the facts, the appellee had an equal opportunity to notice the automobile, but having looked towards the south without seeing the car before she left the sidewalk, and hearing no signal of its approach, and being entitled to assume that her right of way as a pedestrian would be recognized, she could not properly be said to have acted with such manifest imprudence, in her effort to cross the street, as to justify a decision that she was guilty of contributory negligence as a matter of law. In the case we have last cited the injured pedestrian was an adult, while in the present case the conduct of a child at a street crossing is under inquiry. Considerations which are sufficient to protect a person of mature age from a conclusive imputation of negligence apply with greater force to the action of a nine year old girl when crossing a street under similar conditions. *United Rys. Co. v. Carneal,* 110 Md. 211; *Balto. City Pass. Co. v. McDonnell,* 43 Md. 534; *McMahon v. N. C. R. R. Co.,* 39 Md. 438; *Balto. & O. R. R. Co., v. Fryer,* 30 Md. 47.

The appellant's theory of the case was presented to the jury by four instructions granted at his request. But his prayers to withdraw the case from the jury were properly rejected for the reasons we have stated, and the refusal of two other prayers offered by him was correct because they were without sufficient support in the evidence.

There is an exception in the record to a ruling on the admissibility of certain testimony, but no reference to the point is made in the appellant's brief, and the ruling appears to be free of error.

*Judgment affirmed, with costs.*