ABBOTT v. RAILWAY EXPRESS AGENCY.

No. 4474.

Circuit Court of Appeals, Fourth Circuit.

Jan. 8, 1940.

672

Before PARKER and SOPER, Circuit Judges, and DOBIE, District Judge.

John H. Skeen, of Baltimore, Md. (Howard H. Conaway and Emory, Beeuwkes, Skeen & Oppenheimer, all of Baltimore, Md., on the brief), for appellant.

J. Louis Raap, of Baltimore, Md., for appellee.

DOBIE, District Judge.

Plaintiff, appellant in this case, a boy four years old, was injured beneath a rear wheel of a truck owned by defendant, appellee, and operated by its employee, Joseph Heilman. At the conclusion of the evidence of the plaintiff, the trial judge below directed a verdict for the defendant on the ground that the evidence, even when construed most favorably to the plaintiff, failed to make out a prima facie case of actionable negligence against the defendant. The only question we need consider here is whether this ruling of the trial judge was correct. We think it was.

Heilman, the driver of the truck had properly parked his truck, which was headed West, on the North side of First Street in Eastport, Maryland. He left the truck to call, on his employer's business, at the nearby home of Mrs. Heinz. After this call, when he was returning to his truck, he was accosted at a point quite close to the parked truck by plaintiff and another small boy. One of the boys asked the driver for an airplane, and the driver replied that he had no airplane. The driver then warned these boys to go to a place of safety on the pavement, told them he was leaving, and saw them in such a place of safety in the rear of his truck. He then mounted the cab of the truck from the left-hand side, looked into his mirror on that side, also looked through the window of the right-hand side of the cab, and then started the truck slowly forward. In some way the plaintiff got under a rear wheel of the truck which passed over him and inflicted rather severe injuries. The driver knew nothing of the accident until he observed a Mrs. Wisner making motions to him, whereupon he stopped his truck, picked up the injured child and took the child to its home.

■ Since the decision in Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we are bound to apply here the substantive Maryland law as interpreted by the highest court of that state. Counsel for appellant has cited a number of these cases dealing particularly with accidental injuries to children through the operation of motor vehicles. At least brief mention may be made of some of these decisions.

■ The duty owed by the driver of an automobile or motor truck to children is ordinary care and caution in such amount as the particular situation demands. Havermale v. Houck, 1913, 122 Md. 82, 89 A. 314. Children are not expected to use the same care as adults; and a driver must anticipate actions on the part of children that would constitute negligence in an adult. Deford v. Lohmeyer, 1925, 147 Md. 472, 128 A. 454; Ottenheimer v. Molohan, 1924, 146 Md. 175, 126 A. 97. However, the mere fact that an injury has been caused by an instrumentality under the control of the person charged with negligence, is not evidence that it was caused by negligence. There is a burden on the plaintiff to prove

negligence by something more than conjecture and speculation. State, use of Chenoweth, v. Baltimore Contracting Co., Md., 1939, 6 A.2d 625; Hagerstown & F. R. Co. v. State, use of Cunningham, 129 Md. 318, 99 A. 376. The plaintiff has the burden of showing that the injury was the result of the negligence of the defendant, and if he fails to carry this burden by evidence legally sufficient to entitle him to recover, the court may direct a verdict for the defendant. Havermale v. Houck, supra; Slaysman v. Gerst, 159 Md. 292, 150 A. 728.

Appellant's specific contention seems to boil down to this—there was at least sufficient evidence to go to the jury by virtue of two definite omissions on the part of the driver before starting the truck: one, his failure to blow his horn; two, his failure to move over to the extreme right-hand side of the driver's seat, put his head and shoulders through the right-hand window and assure himself that these two boys were not in danger if the truck were started. In this contention, we are quite unable to concur. The promiscuous blowing of motor horns is not to be encouraged. The driver had denied the request of the boys for an airplane; he had seen them in a place of safety, had warned them he was leaving, and he had no reason or ground for supposing the boys would be near the truck or in a position of danger if the truck were started forward. A horn is normally used to warn persons of the approach of the car or truck. This very point was covered in Siacik's Adm'r v. N. C. Ry., 92 Md. 213, 217, 48 A. 149, 151, the court saying, "If a horn had been blown, it would have been for the purpose of notifying persons in front of the cars of their approach". Even had Heilman blown his horn before starting, there is little reason in the instant case for thinking that the accident would have been averted; for it is certainly open to serious question whether a warning by the horn would have accomplished more than the actual warning by words.

Again under the facts of this case, the driver owed no duty to take the unusual action of thrusting his head through the right-hand window for an unobstructed view on that side. And, even had he done this and had he observed the boys in a place of safety, they still, before he started his truck, might have put themselves in a dangerous position; or, had he thereby seen plaintiff in a place of danger, removed plaintiff therefrom and again warned him, plaintiff again might (after such warning and removal) have (before the starting of the truck) placed himself in the same perilous situation.

Appellant has cited a number of cases from various jurisdictions dealing with injuries to children by motor cars. In many of these cases, the motor car was being backed, an operation which requires far more caution than driving forward. It is an action that can be generally regarded as highly dangerous when children are known to be around; so these decisions are hardly determinative of the instant case. In Mahan v. State, 1937, 172 Md. 373, 191 A. 575, the child came from in front of a parked car into the path of the defendants' car and could have been seen had the driver been on the alert. In the instant case the driver could not possibly have seen the vicinity of his right rear wheel as he was driving off. In Capano v. Melchionno, Mass., 1937, 7 N.E.2d 593, the driver knew the child was in a dangerous position, and the same is true in Ziehm v. Vale, 1918, 98 Ohio St. 306, 120 N.E. 702, 1 A.L.R. 1381.

The driver in this case, we think, more than lived up to the standard of care required of him. In the light of the facts as he saw them, the precautions he took were all that could be required by any sane counsel of reason; for there was no evidence that this driver had any grounds for believing that the plaintiff might be, or would be, in any position near the truck, or on the truck, which would involve danger to the plaintiff by virtue of the driver's action in slowly starting the truck forward.

For these reasons we affirm the judgment in the court below.

Affirmed.