HEFFNER *v.* ADMIRAL TAXI SERVICE, INC., ET AL.

[No. 37, October Term, 1950.]

466

*Decided December 7, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Milton I. Vogelhut,* with whom were *Jacob Levine* and *Foster H. Fanseen* on the brief, for the appellant.

*Benjamin C. Howard* and *W. Edward Plitt,* with whom was *George L. Darley* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Max Heffner, appellant, brought this action for personal injuries which he sustained on November 22, 1948, when he was attempting to walk across North Howard Street in Baltimore and was knocked down by a taxicab owned by Admiral Taxi Service, Inc., and driven by John Joseph Martellotta.

Howard Street is a broad thoroughfare with four traffic lanes. The accident occurred in the south crosswalk of Franklin Street, a one-way street for westbound traffic. It was about 11:30 a.m. when plaintiff, who was over 56 and disabled by heart trouble, saw the green traffic light while he was standing on the southeast corner, and started to walk toward the southwest corner. A traffic officer was standing immediately west of the center line of Howard Street on the north line of the south crosswalk. When plaintiff was about three-fourths of the way across

the street, and just before the light changed, he was struck by the taxicab which had been traveling west on Franklin Street and had just turned south into Howard Street.

After the trial of the case in the Court of Common Pleas on February 15, 1950, the jury brought in a verdict in favor of plaintiff against both defendants for $500. Defendants filed a motion for judgment n.o.v. alleging (1) that there was no legally sufficient evidence of negligence on the part of defendants, and (2) that plaintiff was guilty of contributory negligence. The trial judge granted the motion and entered judgment in favor of defendants. The appeal is from that judgment.

In the absence of statutory regulation, the rights of motorists and pedestrians on public highways are reciprocal. Neither the motorist nor the pedestrian has the right to use a public street in disregard of the right of the other to use it. Each must accommodate his movements to the other's lawful use of it. Highways are for the use of everybody, and no one is barred by age or physical condition from the use of them. It is the duty of the pedestrian to use reasonable care in walking on a street, and to act as an ordinarily careful person would act under similar circumstances. But the driver of a motor vehicle is required to exercise much greater vigilance and caution to look out for the pedestrian than the pedestrian is required to exercise to look out for the driver. This is because of the fact that the pedestrian cannot usually harm the motorist by the way he uses the street and needs to look only after his own safety, whereas the motorist may kill or seriously injure the pedestrian and therefore should look out for the safety of the pedestrian as well as his own. *Panitz v. Webb,* 149 Md. 75, 82, 130 A. 913; *Mahan v. State, to Use of Carr,* 172 Md. 373, 384, 191 A. 575; *Universal Credit Co. v. Merryman,* 173 Md. 256, 265, 195 A. 689; *Holler v. Lowery,* 175 Md. 149, 159, 200 A. 353; *Dashiell*

*v. Moore,* 177 Md. 657, 11 A. 2d 640; *Fotterall v. Hilleary,* 178 Md. 335, 343, 13 A. 2d 358 .

Moreover, while ordinary care is required of the driver of a motor vehicle, the vigilance must vary according to the danger naturally anticipated from the operation of the vehicle. A motorist, when approaching a street intersection, must exercise much greater vigilance than when he is driving between intersections. We emphasize that the duty which the drivers of motor vehicles owe to pedestrians at street crossings is one that should be deeply impressed upon them. The prohibition against fast and reckless driving is not the only requirement placed upon drivers at street crossings; there are other precautions that must be taken by them. It is the duty of a driver at a crossing to look carefully ahead and to keep the car under such control and its speed so reduced as to avoid injury to pedestrians if reasonably possible, and also to warn them, whenever necessary, by proper signals of his approach. *Deford v. Lohmeyer,* 147 Md. 472, 476, 128 A. 454; *Parr v. Peters,* 159 Md. 106, 113, 114, 150 A. 34.

The Maryland Motor Vehicle Act provides that whenever traffic is controlled by traffic-control signals exhibiting different colored lights successively one at a time, pedestrians facing the signal when the light is green may proceed across the roadway within any marked or unmarked crosswalk; and all vehicles shall yield the right of way to other vehicles and to pedestrians lawfully within the intersection at the time such signal is exhibited. Code Supp. 1947, art. 66½, sec. 141. The law is plain that a motor vehicle with the right to proceed or to turn right or left must yield the right of way to all other vehicles and pedestrians lawfully within the intersection at the time the signal is exhibited. Thus, as we held in *Caryl, to Use of Merchants Mutual Cas. Co. v. Baltimore Transit Co.,* 190 Md. 162, 169, 58 A. 2d 239, an automobile making a left turn must wait until those meeting it have passed, and must not cross in front of

approaching traffic, either vehicular or pedestrian, in such a way as to interfere with its lawful progress.

In the case at bar the driver's view was unobstructed in broad daylight. The driver did not testify, and thus we have no explanation from him as to why he could not have avoided hitting the pedestrian who was clearly visible. It is not disputed that a driver of a motor vehicle may disobey the instruction of a traffic-control device if "at the time otherwise directed by a peace officer." Code Supp. 1947, art. 66½, sec. 140. But a green light does not give a driver the right to drive recklessly through an intersection regardless of traffic conditions and to abandon all care for the safety of pedestrians on the crosswalk. A motorist, when given the green light or any other signal to proceed, must exercise reasonable care and caution to avoid running into any persons who have not been able to get completely across the street. If a motorist enters an intersection recklessly without looking out for traffic in the intersection, he is guilty of negligence, even though he has the green light or other signal to proceed. *Valench v. Belle Isle Cab Co.*, 196 Md. 118, 123, 75 A. 2d 97, 99.

In this case the traffic officer was facing north so as to watch the westbound traffic on Franklin Street. He testified that the taxicab driver reduced his speed in order to let the pedestrian proceed, but the pedestrian hesitated. The officer's testimony was as follows: "The pedestrian sort of hesitated, like he was going to turn around to go back. I threw one hand up, and motioned for the cab to come ahead. * * * The pedestrian turned and started. I saw what was going to happend, but I couldn't act quick enough. He turned as I hollered, and saw the cab coming around on him, and threw his hand up * * * but he wasn't fast enough. He stepped over the front end of the cab, and the right front of the taxicab knocked him down."

Plaintiff, however, testified that he did not stop in the street, but kept on going, and that he was three-fourths of the way across the street when he was hit. He also

swore that he did not see the taxicab before he was hit. It is a familiar rule that if there is any evidence, however slight, legally sufficient as tending to prove negligence, the weight and value of such evidence will be left to the jury. In deciding whether to grant either a demurrer prayer or a motion for judgment n.o.v., the trial court resolves all conflicts in the evidence in favor of the plaintiff and assumes the truth of all evidence and such inferences as may naturally and legitimately be deduced therefrom which tend to support the plaintiff's right to recover. *Taxicab Co. of Baltimore City v. Emanuel*, 125 Md. 246, 259, 93 A. 807; *Cogswell v. Frazier*, 183 Md. 654, 658, 39 A. 2d 815; *Eisenhower v. Baltimore Transit Co.*, 190 Md. 528, 59 A. 2d 313, 315; *Valench v. Belle Isle Cab Co.*, 196 Md. 118, 75 A. 2d 97. Even though the officer in this case testified that plaintiff momentarily hesitated before he was knocked down, the question of negligence was an issue for the jury to decide. The evidence was legally sufficient to support the jury's finding that the driver, though permitted to turn south into Howard Street, could have avoided striking the pedestrian by the exercise of reasonable care.

We also do not think that plaintiff can be held guilty of contributory negligence as a matter of law. The question of contributory negligence must be considered in the light of all the inferences favorable to the plaintiff's case that may be fairly deduced from the evidence. To justify the withdrawal of a case from the jury on the ground of contributory negligence, the evidence must show some act so decisively negligent as to leave no room for difference of opinion thereon by reasonable minds. *Jones v. Wayman*, 169 Md. 670, 675, 182 A. 417; *Bozman v. State, to Use of Cronhardt*, 177 Md. 151, 155, 9 A. 2d 60; *Beck v. Baltimore Transit Co.*, 190 Md. 506, 58 A. 2d 909, 911; *Bush v. Mohrlein*, 191 Md. 418, 62 A. 2d 301; *Baltimore Transit Co. v. State, for Use of Castranda*, 194 Md. 421, 71 A. 2d 442, 447. Where there is a conflict of evidence as to material facts relied upon to establish contributory negligence, or the act is of such a nature

that reasonable minds, after considering all the circumstances surrounding the accident, may draw different conclusions as to whether it constituted contributory negligence, it is not for the court to determine its quality as a matter of law, but it is for the jury to pass upon it. *Baltimore Transit Co. v. State, to use of Schriefer,* 184 Md. 250, 40 A. 2d 678; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517.

It is uncontradicted that plaintiff had the right of way when he started across the street. He testified that he did not see the taxicab until he was hit. After he passed the center line of the street, he could not have seen the traffic officer stationed near the center of the street unless he had turned his head and looked to the rear. Of course, if he had seen a signal from the traffic officer directing him to stop, it was his duty to obey it, but he testified that he did not see it, and from his testimony as to his location he could not see it. This may not agree with the officer's testimony, but for the purpose of this case we must consider the evidence most favorable to plaintiff.

For these reasons we find that the trial judge erred in entering the judgment n.o.v. for defendants. We will, therefore, reverse the judgment and enter a judgment in favor of plaintiff for the amount awarded by the jury.

*Judgment reversed and judgment entered in favor of plaintiff against defendants for $500, with interest from February 15, 1950, with costs.*