SANDERS ET AL., TRADING AS SANDY'S ESSO SERVICE *v.*
WILLIAMS

[No. 96, October Term, 1955.]

150

*Decided February 15, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Ralph W. Powers*, with whom were *Powers & Gifford* on the brief, for appellants.

*Alvin L. Newmyer, Sr.*, with whom were *Jackson Brodsky* and *Newmyer & Bress* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

The operators of a gasoline service station were held liable by a jury because one of them, while adjusting the carburetor of a Buick automobile, suddenly applied the gas and caused the car to lurch forward and strike the appellee. The sole reliance in this appeal is that the trial court erred in instructing the jury that the appellee

was free from contributory negligence as a matter of law.

The appellee, a regular patron of the service station, had previously spoken to one of the operators about part time work there. On the night of the accident, he drove in to get gas and stopped his car facing the Buick, which was standing at the other end of the pump islands. After his car had been serviced and he had paid for the gas, he walked in front of his car and stood between it and the Buick waiting for an opportunity to talk to Saunders, who was working on the Buick. Its hood was up, the motor was idling, and no one was in the car. Saunders was adjusting the carburetor so that the motor would not idle too fast as it had been doing. Appellee stood there for a minute or two waiting to tell Saunders that he could not take the part time job at the filling station that he had been considering. Saunders and the owner of the Buick say that appellee put his foot on its bumper and watched the adjustment of the idling screw of the carburetor. Saunders says: "When adjusting a carburetor on a car that is idling fast, you have to touch the gas a little" and that, as he did so, the car lurched forward and caught the appellee between its bumper and that of his own car. He was asked whether, before he applied the gas, he told appellee to get out of the way and said that he did not, and also, that he did not know when he applied the gas whether the driving mechanism was set so that the car would move. He said that the hand brake was partially applied. It may be gleaned from the testimony of Saunders, although it is not entirely specific, that in a fluid drive car, such as the Buick, if the lever on the dash is at "drive", forward motion will be restrained by the hand brake as long as the car is idling, but that if sufficient gas is forced into the carburetor, it will move forward in spite of the restraint of the brake, and that this apparently is what happened.

The appellants concede that there was ample evidence of the negligence of Saunders, and that the appellee, although he had completed his purchase of gasoline, continued to be owed the duty of ordinary care. In the

charge the trial court said "the Court tells you as a matter of law that the plaintiff had a right to be there * * * that he himself, that is, the plaintiff himself, was not guilty of negligence contributing to the happening of this accident or injury." The appellants fully and specifically excepted to this phase of the charge, urging below, as they do here, that the plaintiff, by lack of care for his own safety, put himself in a position of danger and so contributed to his injury and that the jury should have been allowed to consider whether his conduct was negligent.

As is true of primary negligence, one measure of contributory negligence is the need, in a given situation, to anticipate danger. Presence or absence of reasonable foresight is an essential part of the concept. One is charged with notice of what a reasonably and ordinarily prudent person would have foreseen and so must foresee what common experience tells may, in all likelihood, occur, and to anticipate and guard against what usually happens. On the other hand, one is not bound to anticipate every possible injury that may occur or every possible eventuality. Here the appellee saw a car, without an occupant, being worked on by a mechanic bending over the engine under the upraised hood. We think he was not bound to have anticipated, nor reasonably to have foreseen, that the mechanic, who in so doing would put himself in peril, would suddenly apply the gas so as to cause the car to lurch forward, or that if he did, the driving mechanism would be in such position that the application of the gas could cause force to be transmitted to the wheels. Absent actual or constructive knowledge to the contrary, one may act on the assumption that he will not be exposed to danger that will come only by the breach of duty which another owes him. He is not bound to anticipate negligent acts or omissions on the part of others unless, under the circumstances, an ordinarily prudent person would know, or should know, that it was not safe to make the assumption of due care on the part of the other person. *Garozynski v. Daniel,*

190 Md. 1; *Goldman v. Johnson Motor Lines, Inc.,* 192 Md. 24; *Klein v. Dougherty,* 200 Md. 22. In the *Garozynski* case, the plaintiff was struck by another automobile while entering his car from the street side. Judge Henderson said for the Court: "The plaintiff had a right to enter his car from the street, and was not bound to anticipate that the defendant would violate the rule of the road and suddenly cross into the opposite lane of traffic. * * * the undisputed evidence tends to show that the proximate cause of the accident was either the defendant's lack of control due to his condition and the speed at which he was driving, or the negligent act of a third person * * * or a combination of the two. In any event the presence of the plaintiff along side his parked car was simply coincidental * * *." See also *Hussey v. Ryan (Brown),* 64 Md. 426, 435; and cf. *Lindenberg v. Needles,* 203 Md. 8. The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligent if an ordinarily prudent person would have made what proves to have been the same error. We think that the appellee neither did, nor failed to do, anything that an ordinarily prudent person would not have done or failed to do. In the vernacular, he was merely standing there minding his own business.

This being so, obviously it would have been error to have instructed the jury that it could find appellee to have been negligent or to have failed to give the instruction which was given. *Brooks v. Sun Cab Company,* 208 Md. 236, 117 A. 2d 554, 557, Adv. Sheets; *Garozynski v. Daniel,* 190 Md. 1, 4, *supra.* We think the case went to the jury on a charge that was without error.

*Judgment affirmed, with costs.*