702 A.2d 946

Rose D. STEWART

v.

HECHINGER STORES COMPANY.

No. 607, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Dec. 1, 1997.

Francis A. Pommett, III, Towson, for appellant.

Neil J. MacDonald (DeCaro, Doran, Siciliano, Gallagher, Sonntag & DeBlasis, L.L.P., on the brief), Lanham, for appellee.

Argued before WENNER and BYRNES, JJ., and PAUL E. ALPERT, Judge (retired), Specially Assigned.

WENNER, Judge.

Appellant, Rose D. Stewart, appeals from a judgment of the Circuit Court for Prince George's County entered in favor of appellee, Hechinger Stores Company (Hechingers). On appeal, appellant presents us with the following issues, which we have condensed and slightly reworded for both brevity and clarity:

    I.  Whether the trial court abused its discretion in failing to exercise its power to revise the judgment and strike the jury's decision that appellant was contributorily negligent.

    II.  Whether Maryland's common law doctrine of contributory negligence should be replaced by pure comparative negligence?

Finding no error, we shall affirm the judgment of the circuit court.

## FACTS

According to the evidence produced at trial, on 14 September 1991, appellant and her two sons were shopping at Hechingers in Rockville, Maryland. While her sons were having several keys duplicated, appellant continued shopping near the front of the store. When she noticed an employee of Hechingers pulling a "train" of merchandise carts into the store, she

quickly stepped back, fell over a box protruding from the bottom of a display stand, and suffered severe injuries. Appellant contends that it was necessary for her to step back, in order to avoid being struck by the "train" of merchandise carts. Exactly how this "train" of merchandise carts was being brought into the store, and whether it was necessary for appellant to step back to avoid being struck is the principal factual dispute here before us. At various times, appellant has said she was forced to jump back to avoid being hit by the carts, because they were bearing down on her. She has also said the carts were so laden with merchandise that she could not be seen by the Hechingers employee moving them. According to Hechingers' employee, he was slowly pulling the carts around a corner, he and appellant looked directly at one another, and appellant was in no danger of being struck by the carts.

Appellant subsequently filed a complaint in the Circuit Court for Prince George's County charging Hechingers with negligence, and seeking damages for the injuries sustained by her from the fall. After a three day trial, the jury found that Hechingers had been negligent, and that appellant had been contributorily negligent, resulting in a judgment for Hechingers. Acting pro se, appellant noted an appeal, which we determined to be a motion asking the trial court to exercise its revisory power, pursuant to Md. Rule 2–535. Accordingly, we dismissed the appeal and remanded the case to the circuit court, directing it to consider appellant's motion for reconsideration. The motion was denied following a hearing, and appellant has again noted an appeal.

## I.

"An appeal from the denial of a motion asking the court to exercise its revisory power is not necessarily the same as an appeal from the judgment itself. Rather, the standard of review is whether the trial court abused its discretion in declining to revise the judgment." *Blitz v. Beth Isaac,* 115 Md.App. 460, n. 4, 694 A.2d 107 (1997), *cert. granted,* 347 Md.

155, 699 A.2d 1169 (1997). With this in mind, we now turn to the issues presently before us.

■ As the Court of Appeals said in *Haskell v. Carey*, 294 Md. 550, 558, 451 A.2d 658 (1982), "the purpose of authorizing a trial court to exercise broad discretion to revise unenrolled judgments is to assure that technicality does not triumph over justice." According to appellant, the jury's finding her to have been contributorily negligent is a technicality triumphing over justice. She believes the trial court not only erred in submitting the question of contributory negligence to the jury, but abused its discretion in declining to grant her motion to revise the judgment.

■ Appellant relies on both *Sanders v. Williams*, 209 Md. 149, 120 A.2d 397 (1956), and *Schwarz v. Hathaway*, 82 Md.App. 87, 570 A.2d 348 (1990). Unfortunately for appellant, her reliance on *Sanders* and *Schwarz* is misplaced. To be sure, in both *Sanders* and *Schwarz* the trial court was found to have erred in submitting the issue of contributory negligence to the jury. In both *Sanders* and *Schwarz*, however, the facts were undisputed.[1] Thus, there was no conflict of evidence as to the material facts to be relied upon to establish contributory negligence. Where, however,

> there is a conflict of evidence as to the material facts relied upon to establish contributory negligence, or the act is of such a nature that reasonable minds, after considering all the circumstances surrounding the accident, may draw different conclusions as to whether it constituted contributory negligence, it is not for the court to determine its quality as a matter of law, but it is for the jury to pass upon it.

*Schwarz*, 82 Md.App. at 91, 570 A.2d 348 (quoting *Schwier v. Gray*, 277 Md. 631, 635, 357 A.2d 100 (1976), quoting *Heffner v. Admiral Taxi Service*, 196 Md. 465, 473–74, 77 A.2d 127

---

1. In *Sanders*, appellant was injured while standing between two parked cars. One lurched forward, pinning his legs between the two cars. In *Schwarz*, appellant was injured while walking his motorcycle along the shoulder of a highway, when a passing truck entered the shoulder and struck him.

(1950)). In the case at hand, the record reveals a conflict of evidence as to the material facts relied upon to establish contributory negligence.

■ Not surprisingly, appellant's version of the incident is somewhat different from that of the Hechingers employee.[2] For example, whether the "train" of carts was traveling fast or slow; whether the carts were full or empty; whether appellant shouted "stop, stop," to the employee pushing or pulling the "train" of carts; whether appellant and the Hechingers employee saw one another; and, most importantly, whether it was actually necessary for appellant to jump, or step backward, to avoid being struck. Accordingly, it was appropriate for the trial court to submit the question of contributory negligence to the jury. Unfortunately for appellant, the jury chose to believe the Hechingers employee's version of the incident, rather than that of appellant. Consequently, the trial court did not abuse its discretion in denying appellant's motion to revise the judgment.

## II.

■ Moreover, appellant urges us to replace Maryland's common law doctrine of contributory negligence with the doctrine of comparative negligence.[3] Although we are aware of the often harsh consequences of Maryland's common law doctrine of contributory negligence, and that it has been abandoned by a vast majority of states in favor of some form of comparative negligence, we are in no position summarily to do so. This issue was last addressed by the Court of Appeals in *Harrison v. Mont. Co. Bd. of Educ.*, 295 Md. 442, 456 A.2d 894 (1983), in which the Court concluded,

---

2. We also note that, at various times, appellant's recollection of the incident has differed significantly.

3. Hechingers points out that as this issue was not presented to the trial court, it should not be considered on appeal. Interestingly, as appellant failed to raise the issue at oral argument, we need not consider it; however, we have chosen to consider it.

[w]e are unable to say that the circumstances of modern life has so changed as to render contributory negligence a vestige of the past, no longer suitable to the needs of the people of Maryland. In the final analysis, whether to abandon the doctrine of contributory negligence in favor of comparative negligence involves fundamental and basic public policy considerations properly to be addressed by the legislature.

*Harrison,* 295 Md. at 463, 456 A.2d 894.

As the Court put in *Harrison,* "... in considering whether a long established common law rule—unchanged by the legislature and reflective of the State's public policy—is unsound in the circumstances of modern life, we have always recognized that declaration of the public policy of Maryland is normally the function of the General Assembly;[4] ...." *Id.* at 460, 456 A.2d 894. We agree.

**JUDGMENT AFFIRMED.**

**COSTS TO PAID BY APPELLANT.**

---

**4.** House Bill 846, which would have replaced contributory negligence with comparative negligence, failed by one vote to reach the floor of the House of Delegates in the most recent session of the General Assembly.