HENDLER CREAMERY COMPANY, INC., *v.*
EVELYN FRIEDMAN.

[No. 19, January Term, 1931.]

*Decided March 20th, 1931.*

The cause was argued before BOND, C. J., PATTISON, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Leonard A. Weinberg* and *Howard A. Sweeten,* for the appellant.

*Burdette B. Webster* and *Michael J. Manley,* with whom was *Charles F. Harley* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

This case is now before the court for the second time. In the former case, reported in 158 Md. 131, 148 A. 426, 432, the judgment below was in favor of the defendant, and the plaintiff appealed. In this case the plaintiff recovered a judgment, and the appeal is by the defendant. The only exception which the record contains is to the ruling on the prayers. The testimony is practically the same as in the former case, except that there are two additional witnesses on behalf of the defendant, whose testimony does nothing more than corroborate other testimony as to the position of the defendants' truck and the plaintiff's automobile at the time of or immediately after the collision, and does not in

any manner change the legal question involved. The facts are fully set forth by Judge Offutt in the former opinion, and it is unnecessary to detail them here. After stating the facts, it was there said: "It is apparent, from an examination of the evidence to which we have referred, that each of the parties to the cause attributed the happening of the accident to the violation of a different provision of the Motor Vehicle Law. The plaintiff contended that the collision would not have occurred if defendant's truck had been where the law required it to be, on the right side of the street; while the defendant asserted that plaintiff's alleged failure to yield the right of way was the direct and proximate cause of it. Neither theory was exclusive, and if there was in the case evidence to support both, then whether the accident was caused by plaintiff's failure to yield the right of way, or the position of the defendant's truck, or was due in part to both causes, became a question of fact to be determined by a jury."

The accident occurred in Baltimore City, at the intersection of Baltimore and Albemarle Streets. Baltimore Street runs east and west, and Albemarle Street north and south, approaching Baltimore Street from the south, but does not continue north of that street. For the purposes of this case, they are intersecting streets. *Buckey v. White,* 137 Md. 130, 111 A. 777. There is evidence tending to prove that the defendant's truck was being driven north on the left-hand side of Albemarle Street, in close proximity to its intersection with Baltimore Street, with intent to turn west on Baltimore Street; that, in making such turn, it, in the vernacular, "cut the corner"; that is, failed to go to the right of the center of the intersection of these two streets; that the plaintiff was driving an automobile on the right side of Baltimore Street, going east; that there are two street railway tracks on Baltimore Street at this point, one east and the other west bound. The point of collision, according to the plaintiff, was on Baltimore Street, about three or four feet from the southwest corner of Baltimore and Albemarle Streets; while the defendant places the point of collision at practically the same location, though perhaps nearer the cen-

ter of Baltimore Street. The negligence of the defendant is alleged to be the violation of a city ordinance or state statute, requiring that a truck being driven on the right-hand side of Albemarle Street, in making the turn into Baltimore Street, proceed to the right of the center of the intersection; while the negligence of the plaintiff is alleged to be the failure to yield the right of way to the defendant's truck, in accordance with the provisions of article 56 of the Code, which provides that vehicles, approaching a street or road intersection from the left, yield the right of way to those approaching from the right. Code, art. 56, sec. 209. The effect of the opinion in the previous case, resulting in a reversal and remanding for new trial, was to hold that the question presented by the record was a jury one, and that it should be left to the jury to determine from the evidence whether there was negligence on the part of either the defendant or the plaintiff, or both, and that, if they found that both were negligent—the defendant in failing to drive on the right side of the street, and in turning keep to the right of the center of the intersection, and the plaintiff in failing to yield the right of way—the jury should then determine which of said acts of negligence was the direct and proximate cause of the accident, and render their verdict accordingly. The question here now is: Did the granted instructions, upon the retrial, fairly permit the jury to act in accordance with the law as determined by this court in the former decision?

The three prayers of the plaintiff were granted. The defendant offered fifteen prayers, of which eight were granted and the others refused. The appellant makes no objection in this court to the plaintiff's granted prayers; neither does it contend there was error in the rejection of its first and second prayers, they being demurrer prayers. We find no error in the rejection of the defendant's fifth and thirteenth prayers, because their provisions are contained in the defendant's granted sixth prayer.

The real contention of the appellant is that its rejected eighth prayer should have been granted; its claim in that respect being that the case went to the jury without any in-

structions embodying the theory of its defense, namely, that the plaintiff could not recover because of negligence on her part in failing to yield the right of way. It is clear from the former opinion that the jury was entitled to an instruction under which they could find the plaintiff guilty of negligence for that failure. This the granted instructions failed to do. The defendant's rejected seventh prayer stated the right of way rule at intersections in the language of the statute, and did not go to a recovery. The appellee contends that the prayer in that form was misleading, because it is not the law that all vehicles approaching a street intersection from the right have the right of way. In view of the former decisions of this court (*Taxicab Co. v. Ottenritter,* 151 Md. 532, 135 A. 587), it is clear that a vehicle approaching an intersection from the right does not have an absolute right of way in every instance, because that question must be determined by the circumstances in any given case. This prayer, therefore, may be good under one set of circumstances, and improper under another. Nor does it follow that every violation of the rule of the road by the vehicle approaching from the right results in depriving it of the right of way. As held in the former case, the failure of the truck to drive on the right side of the road, and turn to the right of the center of the intersection, although a violation of the rule of the road, does not entitle the plaintiff to recover, if the direct and proximate cause of the injury was the plaintiff's failure to yield the right of way; and the defendant can only be held liable in case the jury find that its negligence, and not that of the plaintiff, was the direct and proximate cause of the injury. Under the circumstances in this case, we are of the opinion that the defendant was entitled to have the jury told what the right of way rule is; and there was error in rejecting its seventh prayer.

If, however, the defendant's eighth prayer, which was rejected, had been granted, there would have been no error in refusing the seventh. We are of the opinion that this eighth prayer should have been granted. It began by informing the jury, like the seventh prayer, as to the law relative to right

of way. It then required the jury to find, first, whether traffic was controlled at this intersection by officers or traffic signals; second, whether the appellant's truck was proceeding north on Albemarle Street, approaching the intersection of Baltimore Street; third, whether the appellee was proceeding east on Baltimore Street, approaching the intersection of Albemarle Street; fourth, whether the appellant's truck entered the intersection and attempted to turn west on Baltimore Street, to the left of the center of that intersection; fifth, whether the appellee was then approaching, on Baltimore Street in an easterly direction, the intersection; sixth, whether the appellant's truck entered the intersection before appellee's automobile arrived at the intersection; seventh, whether the appellant's truck had the right of way over the machine driven by the appellee; eighth, whether there was a collision between the two vehicles; and, ninth, whether the collision was caused directly and proximately by the failure of the appellee to give the right of way. The jury were then told that, if they found all these facts, their verdict should be for the defendant. It is argued that this prayer did not tell the jury that, if they found the violation of the rule of the road by the defendant was the direct and proximate cause of the accident, the plaintiff was entitled to recover. In our opinion, this was not a necessary part of the prayer, for the reason that, if the direct and proximate cause of the accident was the plaintiff's failure to give the right of way, it necessarily follows that the direct and proximate cause of the accident could not have been the negligence of the defendant. In other words, the finding of the first necessarily excludes the finding of the second by the jury.

For these errors the case must be reversed. As stated, if, upon a retrial, the defendant's eighth prayer is granted, which we hold to be a proper prayer under the circumstances of this case, there would be no error in rejecting the defendant's seventh prayer.

*Judgment reversed, and new trial awarded, with costs to the appellant.*