## LEONARD W. CRUNKILTON *v.* BLANCHE HOOK
## SAME *v.* HARRY F. HOOK
### (Two Cases)

[No. 42, January Term, 1945.]

*Decided May 17, 1945.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, HENDERSON, and MARKELL, JJ.

*Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellant in both cases.

*Michael J. Manley,* with whom were *Jenifer & Jenifer* and *Walter M. Jenifer* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Leonard W. Crunkilton is appealing from two judgments entered against him on verdicts of a jury in the Baltimore City Court; one in favor of Blanche Hook for $3,500 for injuries sustained in a collision with an automobile driven by defendant on Gwynn Oak Avenue in Woodlawn, Baltimore County, the other in favor of Harry F. Hook, her husband, for $1,500 for hospital and medical expenses and loss of services resulting from her injuries.

On the night of February 25, 1943, Mrs. Hook, aged 63, started from her residence on the east side of the avenue on her way to the Woodlawn School, on the west side, to appear there before the Ration Board. She testified that she paused at the cross-walk in front of the school to look for approaching automobiles, and after a north-bound car had passed she looked toward the north, but seeing no other car approaching, she stepped down from the curb and started across the street, which is 34 feet wide, but just before she reached the white line in the center of the street, the headlights of a south-bound car flashed upon her and she was knocked down instantly. Crunkilton testified that he saw Mrs. Hook standing on the curb when he was about 40 feet away, but did not slacken his speed or blow his horn, as he had no reason to believe she would attempt to cross the street and fail to see his car; he then glanced to the right to see if any car parked in front of the school was about to move, and when he looked again to the left, he saw her hurrying across the street about fifteen feet away and about five feet to the left; he immediately applied his brakes, but his left fender struck her.

The first issue is whether there is any evidence of negligence legally sufficient for submission to the jury.

Defendant claims that he was driving at the speed of only about fifteen miles an hour. However, it is unlawful to operate a motor vehicle recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property and life or limb of any person. Acts of 1914, Ch. 832; Code, 1939, Art. 56, Sec. 196; Code, 1943 Supp., Art. 66½, Sec. 156; *State v. Magaha*, 182 Md. 122, 128, 32 A. 2d 477. Plaintiffs charge that defendant failed to drive on the right half of the street. One of the "rules of the road" in force at the time of the accident prescribed that all vehicles must at all times keep to the right of the center of the highway when driven upon highways of sufficient width, except (1) upon streets or roads where traffic is permitted to move in one direction only, (2) when overtaking and passing another vehicle, and (3) when it is impracticable to travel on such side of the highway. Acts of 1939, Chs. 377, 382; Code, 1939, Art. 56, Sec. 235. In 1943 the Legislature re-enacted the rule with modifications of language. Acts of 1943, Ch. 1007; Code, 1943 Supp., Art. 66½, Sec. 162. While a driver who violates this statutory rule may not necessarily be negligent, his action is strong evidence of negligence where such violation directly and proximately causes a collision, and the burden is then on him to show that the condition of the road or an emergency in the traffic had caused him to be rightfully on the left side of the road. It is established that testimony showing that a driver failed to keep to the right of the center of a highway is sufficient evidence to warrant the court in submitting the case to the jury on the question of the driver's negligence. *Consolidated Gas, Electric Light & Power Co. v. O'Neill*, 175 Md. 47, 51, 200 A. 359.

Defendant endeavored to show discrepancy in Mrs. Hook's testimony by proving that she had testified at a traffic hearing that she had "just crossed over" the white line when she was struck. She qualified her statement by saying that she "might have been right on it," but she stated positively that she could still see the white

line, and that it was right in front of her. It appears that there were three lines, the middle line being yellow, with a white line on each side. It also appears that Mrs. Hook was referring to the eastern white line. We are not convinced that there was any substantial discrepancy in her testimony. Accidents of this kind happen so suddenly that it is often difficult to state with exactness the position of each leg at the moment of impact. In any event, the fact that a plaintiff has made inconsistent statements on a previous occasion does not preclude him from having the jury decide as to the credibility of his testimony at the trial. Otherwise, the trial court would be compelled to give conclusive effect to the previous statement. We hold that the testimony of a plaintiff may be impaired, but not rendered nugatory, by proof of previous inconsistent statements and the problem arising from the discrepancy should be submitted to the jury for solution. *Porter v. Greenbrier Quarry Co.,* 161 Md. 34, 155 A. 428; *Florentine v. State,* 184 Md. 335, 40 A. 2d 820.

Defendant also contends that the evidence is too uncertain and inconclusive to be made the basis of a legal conclusion. We cannot accept that view. Defendant, it is true, shows that his car stopped west of the center line after the collision; but Mrs. Hook is equally positive that she had not crossed the center line when she was struck. Moreover, after the accident she was found lying on the center line some feet in front of the car. We think the jury might rationally infer that if she had actually crossed the line, and defendant had been driving west of the line, her body would have been entirely west of the line. The question before us is not whether plaintiff's evidence is true, but assuming it to be true and accepting all rational inferences tending to support their right to recover, and rejecting defendant's theory of the accident, whether the case is sufficient to establish liability of defendant. It is a familiar principle of Maryland practice that a prayer seeking to take the case away from the jury on the ground of total failure of evidence to support the plaintiff's case will not be granted if there is

any evidence, however slight, legally sufficient as tending to prove it, that is to say, competent, pertinent, and coming from a legal source, but the weight and value of such evidence will be left to the jury. *Porter v. Greenbrier Quarry Co.,* 161 Md. 34, 155 A. 428; *Fisher v. Finan,* 163 Md. 418, 420, 163 A. 828; *Geschwendt v. Yoe,* 174 Md. 374, 198 A. 720; 2 *Poe, Pleading and Practice,* 5th Ed., Sec. 295A.

The second issue is whether Mrs. Hook was guilty of contributory negligence as a matter of law. It is a general rule that to establish contributory negligence as a matter of law, the act relied on must be distinct, prominent and decisive, and one about which ordinary minds cannot differ. *Friedman v. Hendler Creamery Co.,* 158 Md. 131, 147, 148 A. 426; *Cogswell v. Frazier,* 183 Md. 654, 39 A. 2d 815. We have decided that a pedestrian cannot walk blindly between intersections into oncoming traffic, and be heard to say that he did not see the danger, which he could have seen if he had looked. *Ebert Ice Cream Co. v. Eaton,* 171 Md. 30, 37, 187 A. 865. If a pedestrian suddenly steps from a sidewalk into the path of an approaching car, and he either did not look to see if any car was approaching or made no effort to avoid it by stopping or stepping aside, although he could easily have seen it in time to have kept or taken a position of safety and thus avoided the accident, he is guilty of contributory negligence as a matter of law, precluding recovery by him for resulting injuries. *Thompson v. Sun Cab Co.,* 170 Md. 299, 184 A. 576; *McGarrey v. Duffy,* 175 Md. 634, 3 A. 2d 458. As a general proposition, however, contributory negligence in an action by a pedestrian for injuries sustained in a collision with a motor vehicle presents a question for the jury. 17-18 *Huddy, Automobile Law,* 9th Ed., Sec. 161; *Ashman, Directed Verdicts and Instructions,* 2d Ed., Sec. 177(4). Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or the act is of such a nature that reasonable minds, after considering all the circumstances surrounding the happening of the acci-

dent, may draw different conclusions as to whether it constituted contributory negligence, it is not for the court to determine its quality as a matter of law, but it is for the jury to pass upon it. *Waltring v. James,* 136 Md. 406, 414, 111 A. 125; *Merrifield v. C. Hoffberger Co.,* 147 Md. 134, 127 A. 500; *York Ice Machinery Corporation v. Sachs,* 167 Md. 113, 122, 173 A. 240; *Baltimore Transit Co. v. State, to Use of Schriefer,* 184 Md. 250, 40 A. 2d 678.

No absolute rule declaring what constitutes contributory negligence can be formulated to apply to all cases, because, like primary negligence, it is relative and not absolute, and it necessarily depends upon the circumstances of each particular case. The degree of care required of a pedestrian to entitle him to recover is such as would be reasonably expected from an ordinarily prudent person under the circumstances. Even though he may have been guilty of some want of caution, yet if he exercised ordinary care he may still be entitled to recover for injuries sustained as the result of the defendant's negligence. In commenting on the right of the jury to determine the question of contributory negligence, Judge Alvey said: "What will amount to ordinary care or the absence of it, in any given case, must always be determined by the standard of common prudence and experience, in view of the special circumstances. What may be ordinary care with reference to one particular state of circumstances, may fall very far short of it with reference to another. Hence a jury, if intelligent, and experienced, forming their conclusions from their knowledge of the usual and ordinary conduct of their fellow-men, are the best judges of such a question. And such questions have, both in this country and in England, been generally referred to the jury, as matters of fact; and the decisions of this Court have been uniform upon the subject." *Baltimore & Ohio R. R. Co. v. Fitzpatrick,* 35 Md. 32, 45.

Defendant urges that there was nothing to obstruct Mrs. Hook's view, and if she had looked she would have

seen his car, but she walked directly into it. On the contrary, Mrs. Hook, after she had started across the street, could rely to some extent on the belief that a driver of a motor car would not run into her without giving her some warning. *Woodman v. Powers,* 242 Mass. 219, 136 N. E. 352. She could assume that she would not be in danger of southbound cars until she had passed the center line. Up to that point her principal concern was with northbound cars. A pedestrian who exercises due care while using a highway is not required to be constantly anticipating that the law will be violated. Merely because a pedestrian, in a suit for damages for injuries received from an automobile, could have avoided the accident, it does not follow that he is guilty of contributory negligence; to establish contributory negligence in such a case, it must be shown that the pedestrian knew of the car's approach, or by the use of reasonable care would have known of it, in time sufficient to avoid the accident. *Taxicab Co. v. Emanuel,* 125 Md. 246, 93 A. 807. Highways are for the use of everybody as avenues of communication, and no one is barred from using them by reason of his age or physical condition. Any one who uses a highway is entitled to expect that other users will exercise ordinary care to avoid causing him injury. *Mahan v. State, to Use of Carr,* 172 Md. 373, 384, 191 A. 575. Chief Judge Boyd said: "Drivers have no right to be running their cars on the theory that every pedestrian must not only keep up a constant outlook for cars, regardless of how they are run, but be prepared to jump or become athletic in getting out of their way." *Brown v. Patterson,* 141 Md. 293, 303, 118 A. 653, 656.

Mrs. Hook was in the crosswalk, which the Police Department had designated for the safety of pedestrians. This crosswalk was marked by two parallel yellow lines sixteen feet apart, and was in the middle of a very long block. Defendant knew that the crosswalk was there, but he said he thought it was for children, and he "never looked around for any people walking across there," and

"never let grown-ups by there." On the night of the accident he saw that the schoolhouse was illuminated, and he knew that citizens of the community were appearing before the Ration Board; nevertheless he did not give any signal of warning to Mrs. Hook at any time. We hold that an operator of a motor vehicle has no right to assume that the road is clear, but he must be reasonably vigilant under all circumstances and at all times, and must anticipate the presence of pedestrians upon it. *Mahan v. State, to Use of Carr,* 172 Md. 373, 383, 191 A. 575. Mrs. Hook had the right to assume that motorists would exercise a higher degree of caution and care at the crosswalk than elsewhere between street crossings to avoid running into pedestrians. Even though a pedestrian may have the right of way at street crossings only, the fact that he is injured between street crossings does not of itself constitute *prima facie* evidence of contributory negligence, for it is conceivable that a pedestrian might be injured although he exercises due care and does not contest the right of way. *Lusk v. Lambert,* 163 Md. 335, 163 A. 188; *Legum v. State, Use of Moran,* 167 Md. 339, 353, 173 A. 565; *Thompson v. Sun Cab Co.,* 170 Md. 299, 184 A. 576; *Geschwendt v. Yoe,* 174 Md. 374, 198 A. 720; *Thursby v. O'Rourke,* 180 Md. 223, 23 A. 2d 656. A pedestrian, whether he has the right of way or not, is not required to use extraordinary care merely because the consequences incident to a collision between automobile and pedestrian are much more serious to the pedestrian than to the automobile. *Merrifield v. C. Hoffberger Co.,* 147 Md. 134, 127 A. 500. In this case the minds of ordinary men might differ as to whether Mrs. Hook failed to exercise ordinary care. Therefore, it could not be ruled as a matter of law that Mrs. Hook was guilty of contributory negligence.

For these reasons we hold that the trial court ruled properly in refusing to take the cases from the jury, and in denying motions for judgments *non obstante veredicto.*

*Judgments affirmed, with costs to appellees.*