WLODKOWSKI *v.* YERKAITIS ET AL.

[No. 101, October Term, 1947.]

130

*Decided March 17, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Marion A. Figinski* for the appellant.

*Thomas M. Jacobs,* with whom were *Rome & Rome* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Leonard M. Wlodkowski instituted this action to recover damages to his Chrysler sedan resulting from a collision with a Dodge sedan at the intersection of Stiles and High Streets in the city of Baltimore. Frank William Yerkaitis was the driver of the Dodge, and Joseph Mickelaitis was the owner.

The accident occurred on the afternoon of Sunday, March 10, 1946, when plaintiff was driving east on Stiles Street, and Yerkaitis was driving south on High Street. There was no traffic light at the intersection of these one-way streets. Plaintiff testified that when he reached the intersection he saw the south-bound car about 30 feet away; but, thinking he could cross ahead of it,

he released the brakes and put his foot on the accelerator, and ran into the other car. Yerkaitis testified that when he entered the intersection plaintiff was still about 25 feet west of the cross-walk, and when he realized that plaintiff did not intend to stop, but was headed straight toward him, he increased his speed, but he was unable to avert the collision.

At the close of the testimony plaintiff suggested that there was no evidence of contributory negligence, and the Court could direct a verdict in his favor for the amount of damages sustained. The Court, however, submitted the case to the jury, and their verdict was for the defendants. Plaintiff thereupon filed a motion for a judgment n. o. v. for the amount of the damages which he sustained. He contended (1) that he had the right of way; and (2) that there was no evidence legally sufficient to show contributory negligence. The Court overruled his motion and entered judgment on the verdict for defendants. From that judgment he brought this appeal.

It is a general rule of the road with respect to vehicles approaching a street intersection that, in the absence of a statute or ordinance making some regulation to the contrary, the first driver to enter an intersection has the right of way. Where a driver, having the right of way, has entered an intersection, he may assume that a later arrival approaching at right angles will not drive negligently, but will reduce his speed and give him the precedence to which he is entitled; and he may safely act upon this assumption until a situation is presented which, to the mind of a reasonable person, places the privileged vehicle in a position of peril. It then becomes his duty to exercise every reasonable precaution to avoid injury, even though the later arrival is negligent. *Alperdt v. Paige,* 292 Pa. 1, 140 A. 555; *Barrett v. Alamito Dairy Co.,* 105 Neb. 658, 181 N. W. 550, 21 A. L. R. 966.

The statutory right of way rule, embodied in the Maryland Motor Vehicle Law, is now as follows: "Except as hereinafter provided, all vehicles or trackless trolleys

shall have the right of way over other vehicles or track-less trolleys approaching at intersecting public roads from the left, and shall give right of way to those approaching from the right." Laws of 1943, ch. 1007, Code Supp. 1943, art. 66½, sec. 176. The purpose of this rule is to direct the order of precedence as between motor vehicles that are traveling on intersecting roads or streets in such a manner that they would collide if neither vehicle yielded the right of way. Where vehicles are approaching an intersection under such circumstances that a collision is likely to occur, it is the duty of the driver approaching from the left to yield the right of way to the vehicle approaching from the right. *Jackson v. Leach,* 160 Md. 139, 143, 152 A. 813. But the statute does not specify how near a vehicle approaching from the right must be to the intersection in order to have the right of way with respect to a vehicle approaching from the left. Nor does it specify what must be the proximity of the vehicle from the left to the point of possible collision in order that the approach of one at a greater distance from the right may be disregarded. We recognize that it would be difficult to prescribe such limitations upon the rule in view of the diversity of circumstances to which it might be applied, and we would not be justified in enforcing the rule according to any specific measure of distance, which the Legislature has not found it expedient to adopt. *Taxicab Co. v. Ottenritter,* 151 Md. 525, 135 A. 587; *Hendler Creamery Co. v. Friedman,* 160 Md. 526, 154 A. 93.

Inasmuch as a vehicle approaching from the right does not have an absolute right of way in every instance, regardless of its distance from the intersection when the other vehicle enters from the left, the statutory right of way rule is regarded as a cautionary guide, rather than a peremptory command. The statutory rule qualifies the common-law rule giving the right of way to the first arrival at an intersection, but does not abrogate it. The width of the intersecting highways, the relative speed of the vehicles, and various other circumstances might ma-

terially affect the issue as to whether an asserted right of way should be recognized. The question whether a vehicle coming from the right is sufficiently near the intersection to have the right of way over a vehicle coming from the left must be determined from the circumstances in each particular case. *Jersey Ice Cream Co. v. Bach,* 161 Md. 285, 157 A. 277; *Askin v. Long,* 176 Md. 545, 547, 6 A. 2d 246. In an automobile accident case in New York, where the Court of Appeals considered a statutory right of way rule similar to the rule in Maryland, Judge Cardozo said: "The privilege thus conferred is not inflexible and absolute. A right of way, like a burden of proof, will establish precedence when rights might otherwise be balanced. It helps us little when without it the balance would be unequal. A right of way might turn the scales if, when the plaintiff started to cross, the cars had been equidistant, or nearly so, from the point of collision, due regard being had also for the speed of their approach. Even with the distances what they were, it was an element which the triers of the facts were to consider in their estimate of conduct." *Ward v. Clark,* 232 N. Y. 195, 133 N. E. 443, 444.

In the case at bar plaintiff, even though he had the right of way, was not relieved from the duty to exercise reasonable care to avoid collision with an unprivileged vehicle. Although a driver privileged under the statute is entitled to assume that he will be accorded the right of way (*Jones v. Dickerson,* 184 Md. 499, 502, 41 A. 2d 492), he cannot continue to rely upon such assumption after he discovers that the unprivileged driver does not intend to yield the right of way. On approaching a street intersection, a driver, although having the right of way, should proceed at a lawful rate of speed, keep his car under such control that he can stop on short notice, and look carefully ahead so as to avoid injury to any others approaching on the intersecting street. If the privileged driver continues his course without exercising reasonable care for the safety of others, he may be liable not-

withstanding his right of way. *Chiswell v. Nichols,* 137 Md. 291, 306, 112 A. 363.

No absolute rule declaring what constitutes contributory negligence can be formulated to apply to all cases, because, like primary negligence, it is relative and not absolute, and it necessarily depends upon the circumstances of each particular case. Unless the action of the plaintiff relied on as amounting to contributory negligence is established by clear and uncontradicted evidence, the case should not be withdrawn from the jury, and where the nature of the act relied on to establish contributory negligence can be determined only from all the circumstances surrounding the accident it is within the province of the jury to characterize it. Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or the act is of such a nature that reasonable minds, after considering all the circumstances surrounding the happening of the accident, may draw different conclusions as to whether it constituted contributory negligence, the court should not withdraw the case from the consideration of the jury. *Waltring v. James,* 136 Md. 406, 414, 111 A. 125; *Baltimore Transit Co. v. State, to Use of Schriefer,* 184 Md. 250, 40 A. 2d 678; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517. We specifically hold that where, in an action for damages resulting from an automobile collision at a street intersection, the evidence is conflicting, or more than one inference may be reasonably drawn therefrom, the question of contributory negligence is one of fact for the jury.

In the Court below plaintiff admitted: (1) That on reaching High Street he looked to the left and saw the other car coming, (2) that, although the other car was traveling at a reasonable speed, he was unable to judge the rate of speed, (3) that he thought he could cross the intersection ahead of the other car, and (4) that he increased his speed and ran straight into it. On the contrary, Yerkaitis stated that he reached the intersection ahead of plaintiff, and that, even if he had stopped, he

would have been "right in the middle of the intersection," whereas he could have crossed without any trouble if plaintiff had applied any pressure at all on his brakes. He then explained: "The impression I got was that apparently he didn't even see me, and there was no attempt to stop the car at all; and when I saw that, * * * I tried to put on the gas and get out of the way, * * * and when I did that, he still got the rear of my car."

If Yerkaitis entered the intersection, as he testified, when plaintiff was still 25 feet west of the cross-walk, a reasonable man might not unreasonably believe that there was sufficient clearance. Sudden acceleration of plaintiff's speed was not to be foreseen. Even with the accelerated speed, plaintiff, if he had looked, might have avoided the collision by turning his course slightly on an unobstructed street. Yerkaitis, in shaping his own course, might have acted on the assumption that plaintiff's course would be shaped by ordinary skill and prudence.

We conclude that the case was for the jury. The judgment entered upon the verdict for defendants will therefore be affirmed.

*Judgment affirmed, with costs.*