BUSH *v.* MOHRLEIN

[No. 11, October Term, 1948.]

420

*Decided November 11, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Foster H. Fanseen,* with whom was *Philip S. Ball* on the brief, for the appellant.

*James A. Biddison, Jr.* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This action was brought by Casper G. Mohrlein in the Superior Court of Baltimore City to recover damages sustained to his Oldsmobile sedan on December 22, 1945, when it was struck at the intersection of Homestead and Polk Streets by a delivery car used by Herbert A. Bush, defendant, in the dry cleaning business, and driven by William Killman, his employee.

It appeared at the trial that a considerable amount of snow had been removed from the middle of the streets, which are approximately 20 feet wide, and that the paths made in the streets by the snow plow were icy. Plaintiff testified that he was driving east on Homestead Street at about 6 p. m. at a speed of about 20 miles per hour. He said that he was driving upon the left half of the street because an automobile was parked upon the right half. He claimed that, on reaching Polk Street, he looked to the right and left, but did not see any car until he was struck. Killman testified that he was going north on Polk Street, and when he reached the curb line of Homestead Street he saw plaintiff's car entering the intersection; but that, since he had the right of way, he continued north but ran into the right side of plaintiff's car. He further testified that he did not apply his brakes because he had no chains on his wheels and he thought it was impossible to stop suddenly on the icy street.

The trial judge refused to direct a verdict for defendant. The jury then rendered a verdict in favor of plaintiff for $510.80. Defendant appealed from the judgment thereon, contending that he should have been given a directed verdict on account of plaintiff's contributory negligence.

The Maryland Motor Vehicle Law provides that vehicles shall have the right of way over other vehicles approaching at intersecting public roads from the left, and shall give right of way to those approaching from the right. Code Supp. 1947, art. 66½, § 176. In construing this statute, we have ruled that it does not mean that a vehicle approaching an intersection from the right has the right of way under all circumstances so as to render a driver from the left who fails to yield the right of way guilty of negligence. In other words, the right of way is not an absolute privilege of the vehicle approaching from the right. The statute gives only a relative right dependent upon the particular circumstances, such as speed and the distance of the vehicles from the intersection. Hence, it is the duty of the driver approach-

ing from the left to yield the right of way to the vehicle approaching from the right only in those instances where the vehicles are approaching the intersection under such circumstances that a collision is likely to occur. If the vehicle approaching from the left is crossing the intersection at a time when the vehicle approaching from the right is at such a distance from the intersection that its movement could not reasonably be supposed to create any danger that the two vehicles would collide, then the driver approaching from the left is not required to wait until the vehicle from the right has passed. *Taxicab Co. v. Ottenritter,* 151 Md. 525, 532, 135 A. 587; *Hendler Creamery Co. v. Friedman,* 160 Md. 526, 154 A. 93; *Jersey Ice Cream Co. v. Bach,* 161 Md. 285, 290, 291, 157 A. 277; *Minch v. Hilkowitz,* 162 Md. 649, 656, 161 A. 164; *Poalini v. Western Mill & Lumber Corp.,* 165 Md. 45, 52, 166 A. 609; *Warner v. Markoe,* 171 Md. 351, 357, 189 A. 260; *Wlodkowski v. Yerkaitis,* 190 Md. 128, 57 A. 2d 792.

However, the Court of Appeals has made it plain that the right of way rule prescribed by the Legislature must not be ignored. We have warned that, because of the duty imposed by this provision of the Motor Vehicle Law, the first and chief thought and care of the driver of a vehicle approaching an intersection should be given to those vehicles that might be approaching from the right. We have emphatically stated that, in order to promote the safety of all persons using the public highways of the State, too much stress cannot be laid upon the importance of the duty of the motorist to look carefully for any vehicles that might be approaching an intersection from the right. *Chiswell v. Nichols,* 137 Md. 291, 306, 112 A. 363; *Askin v. Long,* 176 Md. 545, 547, 6 A. 2d 246.

In the case at bar plaintiff's car was eastbound and defendant's car was northbound, and the two cars arrived at the intersection at the same time. As there was no traffic light or stop sign at the intersection, defendant had the right of way under the statute. Plaintiff claimed

that he did not see defendant's car approaching, and that, if he had seen it, he could have stopped within a distance of five feet. However, he cannot avoid the charge of contributory negligence merely by saying that he did not see any car approaching. Killman testified that he entered Polk Street at Aisquith, one block south of Homestead. It was admitted that the city street lamps were lighted. Plaintiff admitted that he did not need eyeglasses, and that he "could see a whole block." Yet he did not explain how he failed to see the oncoming car, saying only: "I don't know where he came from." We accept the rule that where a witness testified that he looked and listened, but did not see or hear a certain object, which, if he had actually looked and listened, he must necessarily have seen and heard, his testimony is not worthy of consideration. *Maryland Electric Rys. Co. v. Beasley,* 117 Md. 270, 279, 83 A. 157; *Baltimore Transit Co. v. Young,* 189 Md. 428, 435, 56 A. 2d 140, 143.

We realize that the issue of a driver's contributory negligence in an action for damages caused by a collision at an intersection is generally a factual question for the jury to decide, unless there is no conflict in the inferences that may be drawn from the surrounding facts and circumstances. Where there is a conflict of evidence as to material facts relied on to establish contributory negligence, or more than one inference may be reasonably drawn therefrom, the question of contributory negligence should be submitted to the jury. *Wlodkowski v. Yerkaitis,* 190 Md. 128, 134, 57 A. 2d 792, 795. Unless there is some distinct, prominent and decisive act, about which ordinary minds cannot differ, the court should not withdraw the case from the jury. *Waltring v. James,* 136 Md. 406, 414, 111 A. 125; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517. However, where it is clear upon the plaintiff's own showing and the uncontradicted evidence in the case that there is no rational ground upon which a verdict can be based for the plaintiff, the court should direct a verdict for the defendant. *Baltimore & Ohio R.*

*Co. v. State, to Use of Schroeder,* 69 Md. 551, 559, 16 A. 212.

While we have consistently held that the Maryland right of way statute gives only a relative right dependent upon the circumstances of each particular case, we also hold that where the evidence unquestionably shows that the unfavored driver violated the statutory rule, and the violation was a contributing cause of the accident, the court should withdraw his case from the jury on the ground of his contributory negligence. *Askin v. Long,* 176 Md. 545, 552, 6 A. 2d 246. The same construction has been given to the New York statute by the Court of Appeals of New York in *Shirley v. Larkin Co.,* 239 N. Y. 94, 145 N. E. 751, 752. In that case, where the unfavored driver saw a car approaching on the intersecting street at a distance and at a speed which threatened a collision, but, without looking again, proceeded in his course until a collision occurred, the Court said: "It would be our duty, under any circumstances, to enforce such reasonable observance of this rule which the Legislature has adopted for the safety of travelers, and certainly that duty is not rendered any the less commanding when we consider the number of accidents now being caused by the heedless management of automobiles, and when intoxication and recklessness of drivers seem to vie with each other in producing a daily grist of injuries and tragedies. This plaintiff invited his own disaster, and he is entitled to no relief from the courts."

In the present case plaintiff alleged in his declaration that his car was struck "more than three-quarters of the way across the intersection," but he testified in the Court below that his car was struck 10 feet east of the curb of Polk Street. His latter version was that defendant's car followed his car down Homestead Street for a short distance beyond the intersection of Polk Street, and then collided with the rear of his car. But the uncontradicted evidence in the record unmistakably refutes the version of a rear-end collision. It is uncontradicted (1) that plaintiff's car swerved to the left, struck the electric

light pole near the intersection, and rebounded to the south side of Homestead Street; and (2) that defendant's car spun completely around and stopped with its front wheels on the sidewalk of Polk Street. Moreover, plaintiff's automobile repairman testified that, while the left side and the rear of the car were damaged, the principal damage was to the right side. Plaintiff's version does not explain how both sides became damaged. The trial judge instructed the jury that if they found that the rear of plaintiff's car at the time of the collision was about 10 feet east of the east curb line of Polk Street, they would be justified in finding for plaintiff; but if they found that the two cars were entering the intersection at the same time, they would be justified in finding for defendant. As we have said, there is no credible evidence that the accident was a rear-end collision east of Polk Street. Therefore, the first hypothesis should not have been submitted to jury.

We think it is clear that plaintiff showed such a reckless disregard of the statutory right of way rule as to defeat recovery by him. Finding plaintiff guilty of contributory negligence as matter of law, we must reverse the judgment entered upon the verdict of the jury.

*Judgment reversed without a new trial, with costs.*