KREMER *v.* FLEETWAY CAB CO.
[No. 137, October Term, 1950.]

*Decided April 13, 1951.*

558

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*James T. Smith* and *John Wesley Smith,* with whom was *Weldon L. Maddox* on the brief, for appellant.

*Samuel S. Smalkin,* with whom were *Rollins, Smalkin, Goudy* and *Weston,* and *Ginsberg* and *Ginsberg,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

Fleetway Cab Company, appellee, sued William F. Kremer, appellant, in the Baltimore City Court in tort for damages arising out of a collision between appellant's Hudson automobile and appellee's taxicab at 3 P.M. on November 1, 1949. The appellant was driving east on Chase Street, a one-way street, and appellee's cab was being operated north on Guilford Avenue, a two-way street, about sixty feet in width. The collision occurred at the intersection of those two streets, the appellee's cab approaching the intersection from appellant's right. The jury rendered a verdict for the appellant. Although no motion for a directed verdict had been made by the appellee, after the verdict it filed a motion for a judgment *n.o.v.* or in the alternative for a new trial. The trial judge granted the motion for a judgment *n.o.v.* and entered judgment in favor of the appellee for the sum of $334.85, with interest from date and costs. From that judgment the appellant appeals.

Of course, when the granting of a demurrer prayer or a judgment *n.o.v.* is before this Court, we should resolve all conflicts in the evidence in favor of the party against whom the ruling was made, in this case the appellant, and assume the truth of all evidence and all inferences which may be naturally and legitimately deduced therefrom which tend to support the appellant's claim. *Armiger v. Baltimore Transit Co.*, 173 Md. 416, 424, 426, 196 A. 111; *Fowser Fast Freight v. Simmont*, 196 Md. 584, 78 A. 2d 178. We will therefore recite the evidence in a light most favorable to the appellant.

David J. Bishop, the operator of the cab for the appellee, testified that he was driving north on Guilford Avenue, near its intersection with Chase Street. He was "straddling the inside car track" with his right wheel. There was no car in front of him. The weather was clear, the street dry, and he was acquainted with the intersection of Chase Street and Guilford Avenue. As he neared this intersection he was driving approximately twenty to twenty-five miles an hour. He could not tell the exact speed of the cab. As he approached the building line on Chase Street he said he took his "foot off the gas, raised it to the brake and looked to the left, knowing it was a one-way street. I saw on an angle into Chase Street. I couldn't see very far into Chase Street, because you have to look at an angle. I didn't see anything on my left in that angle of vision. I took my foot off the brake and started on across and just as I started across, I noticed the other car coming down * * * east on Chase Street, coming into the intersection, and giving no indication he was going to stop or slow down. I immediately took my foot off the gas, onto the brakes, but before the brake took hold, I hit him * * * right in the middle of the right front door. * * * After we hit, my car stopped right at the impact and when I got out of the cab, I noticed the other gentleman's car was east of Guilford Avenue on Chase Street."

Dr. Kremer, the appellant, testified that he was driving down Chase Street about three feet from the south curb

looking for a parking space. As he approached the intersection with Guilford Avenue there were cars parked. He looked and could not see more than three car lengths down Guilford Avenue. He drove into the intersection in second gear, stopped and looked to the right "about half a block". He saw nothing in that half a block. He said "definitely there was nothing there". He then looked to the left and did not see anything. He then "looked right again and just when I looked right, I saw this other car coming towards me, but he was so close then, I mean not further than from here to the stand there, and when I looked, the last thing I saw was the driver with his arm in front of his head, so he actually could not see anything." He said as his front wheels crossed the last street car track, the north bound track, and while he was on the north bound track "the cab hit me right in the middle and the whole car was pushed to the side, it was pushed north."

Assuming, without deciding, that the appellant was negligent we will first discuss whether there was sufficient evidence of contributory negligence on the part of the appellee to submit the case to the jury, looking at the evidence in the light most favorable to the appellant.

Code, Article 66½, Section 176, provides that when traffic is not controlled by traffic lights or stop signs, all motor vehicles "shall have the right of way over other vehicles * * * approaching at intersecting public roads from the left, and shall give right of way to those approaching from the right." This language is the same as Article 56, Section 209, of the Code of 1924, which was construed by this Court in *Taxicab Co. v. Ottenritter,* 151 Md. 525, 531, 135 A. 587, 589. In that case this Court said: "While it was incumbent upon the plaintiff to respect the rule giving right of way, at street intersections, to vehicles approaching from the right * * * yet if the way for a safe distance was clear of traffic coming from that direction, he should not judicially be declared negligent in not providing against the possibility of collision with a car which could not come into dangerous

proximity to his own unless it were unlawfully operated. * * * The statute does not specify how near a vehicle approaching from the right must be to the point of intersection in order to be entitled to the right of way with respect to a vehicle approaching from the left, nor what must be the proximity of the latter to the point of possible collision in order that the approach of one coming at a greater distance from the right may be disregarded." In that case the plaintiff, the unfavored driver, said he looked to his right for a distance of half a block before proceeding to cross the intersection at a speed of fifteen miles an hour and did not see the favored vehicle at all. According to some of the testimony, the favored car was traveling over thirty miles per hour, the speed limit being 20 miles per hour at that time. This Court said that, if the unfavored driver looked sufficiently far to discover that there was no traffic "within a distance that would be traversed by a vehicle driven at a speed permitted by law", the unfavored driver had performed his duty to look. This Court further said in that case, 151 Md., at page 533, 135 A. at page 590: "It could hardly be said that the driver of the cab had the right of way, if he could not exercise it except by violation of the speed laws of the state." *Legum v. Hough,* 192 Md. 1, 4-5, 63 A. 2d 316, 317, 318, and cases there cited.

It was said by this Court in the case of *Wlodkowski v. Yerkaitis,* 190 Md. 128, 57 A. 2d 792, 794: "* * * the statutory right of way rule is regarded as a cautionary guide, rather than a peremptory command. The statutory rule qualifies the common law rule giving the right of way to the first arrival at an intersection, but does not abrogate it. The width of the intersecting highways, the relative speed of the vehicles, and various other circumstances might materially affect the issue as to whether an asserted right of way should be recognized. The question whether a vehicle coming from the right is sufficiently near the intersection to have the right of way over a vehicle coming from the left must be deter-

mined from the circumstances in each particular case." In the recent case of *Downey v. Baltimore Transit Co.*, 197 Md. 245, 248, 78 A. 2d 666, 668, this Court by Judge Henderson, in discussing the cases of *Legum v. Hough, supra,* and *Taxicab v. Ottenritter, supra,* said: "Those cases dealt with collisions between automobiles at intersections not controlled by traffic devices of any kind. In such situations the statutory right of way accorded to the vehicle approaching from the right has been construed as not controlling where the vehicles are not approximately equidistant from the intersection and proceeding at normal rates of speed. In such situations the factual questions of relative speed and distance cannot ordinarily be decided as questions of law."

The appellee relies on the case of *Askin v. Long,* 176 Md. 545, 6 A. 2d 246, 249. That case was one in which both drivers as a matter of law were guilty of concurrent negligence, disentitling each to recover. There, the unfavored driver's testimony was characterized as "so inconclusive, contradictory, and uncertain as to not be accepted as the basis of a legal conclusion." There was no evidence of excessive speed and no credible evidence as to the distance of the favored vehicle at the time the unfavored vehicle started to cross the intersection and no inference that it was safe for the unfavored vehicle to proceed. That case is hardly in point here. The appellee also relies on *Crawford v. Baltimore Transit Co.*, 190 Md. 381, 58 A. 2d 680; *Gross v. Baltimore Transit Co.*, 192 Md. 278, 64 A. 2d 147; and the *Bearings Service Co. v. Baltimore Transit Co.* 197 Md. 1, 77 A. 2d 779. These cases all involved collisions between motor vehicles and street cars and are not helpful here.

In this case, in deciding whether the appellee was not guilty of contributory negligence as a matter of law, we must of course assume that the testimony of the appellant was true. He said when he looked the second time and stopped he could not see the appellee's taxicab and definitely it was not within one-half block of him. To have completed crossing this intersection he would

have had to travel a distance of less than sixty feet. We cannot say as a matter of law that appellee's taxicab was not negligent in coming into the intersection when appellant's vehicle was already there and striking appellant's car, which had less than sixty feet to travel before clearing the intersection when the taxicab was over half a block from that intersection. The jury may have concluded, in spite of Bishop's statement, that the taxicab was unlawfully operated. We also must assume as true appellant's statement that the taxicab driver had "his arm in front of his head so he actually could not see anything". This, of course, might be negligence. We are therefore of the opinion that, assuming without deciding appellant was negligent, the appellee's cab driver should not have been judicially declared free of contributory negligence and that that question should have been submitted to the jury.

As previously pointed out in this case, no motion for a directed verdict was filed by the appellee. Rule 8 of the Rules of Practice and Procedure, pt. 3, subd. III, Trials, Judgment *n.o.v.*, which allows the entry of a judgment *n.o.v.*, provides as a necessary preliminary to the granting of that judgment "* * * a motion for a directed verdict made by a party at the close of all the evidence * * *." *Wright v. Baker,* 197 Md. 315, 79 A. 2d 159. The trial judge therefore was not authorized by the rule to grant the judgment *n.o.v.* and it must be reversed.

As previously stated, with the motion for the judgment *n.o.v.* the appellee also moved in the alternative for a new trial. Among other reasons given were that "the jury failed to follow the instructions of the Court" and "because of errors in the ruling and instruction of the court". The trial judge did not rule upon that motion for a new trial but granted the judgment *n.o.v.* Rules of Practice and Procedure, pt. 3, subd. III, Trials, *supra.* Rule 8 also provides in part: "A motion for a new trial may be joined with a motion for judgment (*n.o.v.*) under this rule or a new trial may be prayed

for in the alternative. * * * Appeal. Whenever a judgment so entered by the trial court is reversed on appeal, the Court of Appeals (1) shall remand the case for a new trial if the lower court conditionally so ordered or (2) otherwise may order a new trial or enter such judgment upon the original verdict as may be just." As the trial judge in this case did not rule upon appellee's motion for a new trial, we must remand the case for a ruling by the trial judge on that motion. *True v. Mayor & Commissioners of Westernport,* 196 Md. 280, 290, 76 A. 2d 135, 139.

*Judgment reversed, with costs, and case remanded for further proceedings.*