## DOMESKI *v.* ATLANTIC REFINING COMPANY

[No. 168, October Term, 1952.]

564

*Decided June 12, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Samuel S. Eisenberg* and *Melvin J. Sykes* for the appellant.

*Paul M. Higinbothom* and *Edward W. Mogowski* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Adam J. Domeski, of Lansdowne, brought this action against Atlantic Refining Company for injuries which

he sustained when a motor truck owned by defendant and operated by its employee struck his motorcycle while he was pushing it across Old Annapolis Road in Baltimore County.

The accident occurred on October 12, 1948, near the intersection of Arbutus Avenue a short distance south of the city limits of Baltimore. Old Annapolis Road is a boulevard, designated in the law as a through highway, between Baltimore and Annapolis. Its width, including a concrete shoulder 3 feet wide on each side, is 22 feet. Arbutus Avenue runs west of the highway. The road running east of the highway 50 feet north is called Violet Avenue, but it is practically a continuation of Arbutus Avenue.

At 10:30 a.m. the plaintiff was riding his motorcycle on Arbutus Avenue toward Old Annapolis Road. On the right side of the motorcycle was a sidecar large enough for one passenger. The plaintiff testified that he stopped at the stop sign 20 feet west of the intersection, and when he "edged close" to the highway he could see for a distance of about 500 feet to the north, but only about 150 feet to the south, his view in that direction being cut off by some hedge or bushes along the road. Not seeing any cars coming, he entered the intersection and turned to the south. About 7 or 8 feet south of the intersection the rear wheel of his motorcycle hit "a low place in the road," causing the sidecar to tilt upward and the motorcycle to tilt over on the crash bar. He stopped and got off and pushed the motorcycle out of the hole.

The plaintiff then decided to cross the highway to see whether his motorcycle had been damaged. He testified that he looked to the north, and not seeing any cars coming from that direction he started to push the motorcycle across the highway. When he reached the center of the road, he looked to the south to see if there were any cars coming from that direction. He testified: "Just about the time I got half way across, that's when I saw it. It was too late. The truck was on top of me. * * *

Oh, I'd say about 25 feet away from me." The bumper of the truck hit the side of the sidecar and threw the motorcycle over upon the plaintiff.

The truck driver, Clarence H. Funk, who was called as a witness by the plaintiff, testified that he saw the plaintiff on the west side of the road, but he was only about 40 feet away when he saw the plaintiff in peril. He immediately applied the brakes and came to a stop near the point of impact with the right wheels off the east shoulder of the road.

At the close of the plaintiff's case, the trial judge granted the defendant's motion for a directed verdict. The plaintiff appealed from the judgment entered upon the verdict in favor of the defendant.

It is an established rule in automobile accident cases, as in other actions for damages, that where there is a conflict of evidence as to material facts or more than one inference may reasonably be drawn therefrom, the question of negligence should be submitted to the jury. But where it is clear from the uncontradicted evidence in the case that there is no rational ground upon which a verdict can be based for the plaintiff, the court should direct a verdict for the defendant. *Cogswell v. Frazier,* 183 Md. 654, 39 A. 2d 815; *Bush v. Mohrlein,* 191 Md. 418, 62 A. 2d 301; *Baltimore Transit Co. v. State, for Use of Castranda,* 194 Md. 421, 434, 71 A. 2d 442.

It is a general rule that an automobile driver must exercise towards others on the highway that degree of care which a person of ordinary prudence would exercise under similar circumstances. *Miller v. Graff,* 196 Md. 609, 78 A. 2d 220; *Cocco v. Lissau,* 202 Md. 196, 95 A. 2d 857. Likewise, a pedestrian must use such caution for his own safety as a person of ordinary prudence would exercise under similar circumstances. Where a pedestrian is standing in a highway and does not notice the approach of an automobile, the driver should avoid striking him, if possible, by turning aside where there is ample room to pass the pedestrian in safety. On the other hand, where a pedestrian sees an approaching auto-

mobile, and the traffic lane is so narrow that either he or the automobile must move outside of it in order that the automobile may pass, he ought to allow the car to proceed without turning aside and going around him. It is well established that where a pedestrian suddenly steps into the path of an approaching car, and he either does not look to see if any car is approaching or makes no effort to avoid it by stopping or stepping aside, although he could easily have seen it in time to have kept or taken a position of safety and thus avoided the accident, he is guilty of contributory negligence as a matter of law, precluding recovery for resulting injuries. *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517.

Actually the plaintiff in this case was a pedestrian after he got off his motorcycle and decided to cross from the west to the east side of the highway. It is a self-evident rule that when a person walks across a heavily traveled arterial highway, he should look out for traffic with special caution. This rule was especially applicable in this case where the pedestrian, himself weighing approximately 225 pounds, exposed himself to peril by atttempting to push a motorcycle and sidecar across the through highway.

The plaintiff called attention to his own testimony that when he was approaching the highway, he could not see more than 150 feet to the south. Nevertheless, he was not relieved of the duty of keeping a careful lookout for cars after he got off his motorcycle and started to push it across the highway. It was stipulated that the distance on Old Annapolis Road from Arbutus Avenue to the top of the hill south of Arbutus Avenue is about 694 feet. On top of the hill the road is level for about 160 feet. Thus the range of vision from Arbutus Avenue to the south is about 854 feet. The plaintiff attempted to cross the road about 7 or 8 feet south of the intersection. Hence his range of vision was nearly 850 feet. It is evident that the plaintiff, by the use of ordinary care, could have avoided the accident. The unavoidable conclusion, therefore, is that

he was guilty of contributory negligence as a matter of law.

It is also perfectly clear that the doctrine of last clear chance cannot be applied in this case. In an action for damages a plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant knew of the plaintiff's situation, and realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff. 2 *Restatement, Torts,* sec. 480; *Jackson v. Forwood,* 186 Md. 379, 387, 47 A. 2d 81.

In this case the defendant's driver testified that he saw the plaintiff on the west side of the road, but that he had no reason to believe that he would walk heedlessly into the path of his truck. He further testified that he was driving at a speed of between 15 and 20 miles per hour. There is no evidence whatever that he was negligent after he saw the plaintiff in peril about 40 feet away. He immediately applied the brakes and swerved to the right, bringing the truck to a stop near the point of impact along the east side of the road. The clear inference is that he could not have averted the collision.

Accordingly the trial judge acted correctly in directing the verdict for the defendant.

*Judgment affirmed, with costs.*