Sholomo Issac COHEN, Appellant,

v.

Clarence W. CHAPMAN and Imperial Insurance Incorporated, Appellees.

No. 2806.

Municipal Court of Appeals for the District of Columbia.

Argued July 24, 1961.

Decided Sept. 6, 1961.

2. 139 A.2d at page 514.

Hyman L. Rosenberg, Washington, D. C., with whom Sol Friedman and Ralph B. Shirley, Washington, D. C., were on the brief, for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellees.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

HOOD, Associate Judge.

Appellees Chapman and Imperial Insurance Incorporated sued appellant Cohen for damages resulting from an intersectional collision between two automobiles on the grounds of the University of Maryland. A jury found in favor of appellees.

The collision occurred in midafternoon of a fair and clear day. Appellee Chapman was proceeding east on Main Drive, while appellant was traveling in a northerly direction on North-South Drive. The intersection of Main and North-South Drives was uncontrolled.

Appellee Chapman testified that he was driving along Main Drive at 15 m. p. h.; that before entering the intersection he looked to the right, saw angle-parked automobiles on both sides of North-South Drive but could see for about a distance of 15–20 feet down the Drive by looking through the windows of the parked automobiles; that he noticed no moving traffic on North-South Drive; and that when he was about one-third of the way into the intersection the right front side of his vehicle was struck by appellant's automobile.

The testimony of appellant indicated that he had been parked on the east side of North-South Drive about 5–6 automobiles south of the intersection; that he pulled out and proceeded in a northerly direction at about 15 m. p. h.; that because of a small tree and the parked vehicles on North-South Drive the view on his left at the intersection was obstructed; that he was looking straight ahead and could not say whether he looked to the left; that "he thought he could have seen a car coming from the left if he had looked"; and that his vehicle had traveled about four feet into the intersection when the collision occurred.

We believe that the testimony just recited clearly demonstrates that the trial court was correct in submitting the case to the jury. Appellant, however, argues that the evidence, far from presenting a jury question, required the trial court to rule as a matter of law that appellee Chapman was contributorily negligent. What appellant overlooks is the fact that there are reasonable inferences, other than contributory negligence, inherent in the evidence. For instance, it would be reasonable for the jury to find that when appellee Chapman looked to the right as he approached the intersection he could not see appellant's car because it had not yet left, or was just leaving, the parking space it occupied a short distance from the intersection. Appellee Chapman had only a limited view of North-South Drive, and he was therefore in a different position than the plaintiffs in those cases holding that one who fails to see what is to be seen is contributorily negligent as a matter of law. See, e. g., Bush

v. Mohrlein, 191 Md. 418, 62 A.2d 301; Mitchell v. Allied Cab Company, D.C.Mun. App., 133 A.2d 477. Under the circumstances of this case it was for the jury to determine whether appellee Chapman was guilty of contributory negligence, not the trial court.

■ Appellant also asserts the trial court should have admitted into evidence the Maryland Motor Vehicle Laws. The record merely indicates that appellant requested they be admitted, and the trial court ruled they were not applicable on University of Maryland grounds. Whether the trial court ruled correctly need not concern us here. Even if we assume the ruling was erroneous, it in no way can be categorized as prejudicial error. Appellant states in his brief that the controlling Maryland regulation was one giving a motorist the right of way over another vehicle approaching an intersection on his left. Apparently believing the right of way to be inflexible, appellant states appellee Chapman failed to yield the way to him and was therefore guilty of negligence per se. The Maryland Court of Appeals has said in Bush v. Mohrlein, 191 Md. 418, 62 A.2d 301, 303, that "where the evidence *unquestionably* shows that the unfavored driver violated the statutory rule, and the violation was a contributing cause of the accident, the court should withdraw his case from the jury on the ground of his contributory negligence." (Emphasis supplied) Here, however, the violation was not unquestionably shown; and in Rabinovitz v. Kilner, 206 Md. 455, 112 A.2d 483, it was recognized that generally the question of whether there has been a violation of the statute is one of fact. In the recent case of Eastern Contractors, Inc. v. State, 225 Md. 112, 169 A.2d 430, 437, Chief Judge Brune, in his dissent, stated that the right of way given the favored driver at an uncontrolled intersection "is a cautionary guide, rather than a peremptory command."

Under the circumstances of this case, and particularly because the record does not contain the instructions to the jury, we fail to see how the rejection of the Motor Vehicle Laws had any decisive effect on the jury's determination of the factual questions of negligence and contributory negligence.

Affirmed.